Chicago, Burlington and Quincy Railroad Company.

*v.*

Otway Watson *et al.*

*Filed at Springfield January 27, 1883.*

1. APPEAL—*when a freehold is involved, within the meaning of the statute.* A freehold is not involved, within the meaning of the statute giving an appeal directly to this court from the trial court, in cases where the litigation may, on certain contingencies, result in the loss of a freehold, but which will not necessarily have that effect. Nor does the statute include cases in which a freehold may be directly affected by the judgment or decree in the

cause unless payment or some act is done to arrest the sale of land, or discharge a lien thereon for the payment of money.

2. A freehold is never involved, within the meaning of the statute, except where the primary object of the suit is the recovery of a freehold estate the title whereof is directly put in issue, and where the suit, if prosecuted to a final determination, will, by virtue of the judgment or decree rendered therein, as between the parties, result in one gaining and the other losing the estate.

3. SAME—*freehold not involved in creditor's bill to set aside fraudulent conveyance.* A creditor's bill to set aside a conveyance of land as fraudulent, and to subject the land conveyed to the payment of the creditor's judgment, or any other proceeding to establish and enforce a lien on land for the payment of a debt, involves no freehold, within the meaning of the statute, and no appeal in such cases lies directly from the trial court to this court.

APPEAL from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

This was a creditors' bill, filed to set aside certain conveyances, as being made to hinder, delay and defraud creditors. The relief sought was granted. In this court a motion was made to dismiss the appeal for want of jurisdiction.

Messrs. DEXTER, HERRICK & ALLEN, for the appellant.

Mr. W. T. BURGESS, for Jenkins, the assignee in bankruptcy.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

The question presented for our determination by this motion is, whether, within the meaning of our statute relating to appeals and writs of error, a freehold is involved in this case.

The original bill in this cause was filed by a number of judgment creditors of Samuel J. Walker, for the purpose of subjecting certain real estate, known as "private railroad street," situate in Chicago, to the payment of their judgments. This property had previously been conveyed by Walker to one Henry F. Eames, for the purpose, as is alleged in the bill, of hindering and delaying the creditors of Walker

in the collection of their claims against him. It is also charged in the bill that Eames was acting in the interest of the Commercial National Bank, and that the Chicago, Burlington and Quincy Railroad Company, the appellant, was in possession of the property, under Eames. The bank, railroad company, Walker, Eames, and others, were made parties to the bill. The defendants claiming the property filed answers denying the equities of the bill. The railroad company, in January, 1879, purchased the property in controversy from Eames, for $100,000, all of which has been paid by the company.

Pending these proceedings, Samuel J. Walker, on his own petition, was declared a bankrupt, and Robert E. Jenkins was appointed his assignee in bankruptcy, and the deed of assignment to him, as assignee, bears date July 31, 1878. In January, 1879, Jenkins, by supplemental bill, was made a party to the suit. On being brought into court he filed an answer to the original bill, and also a cross-bill, in both of which he attacks the conveyance by Walker to Eames as fraudulent and void, and sets up his own claim to the property, as assignee of Walker, for the benefit of the latter's creditors.

On the hearing, the court found the above mentioned conveyances fraudulent and void as against the creditors of Walker, and directed them to be set aside as to complainants in the original bill, and as to Jenkins, the assignee in bankruptcy. The decree also gave complainants in the original bill a first lien on the property to the amount of their several judgments, and declared it, subject to these liens, to be the property of Jenkins, as assignee of Walker, and directed the same to be sold by the master, and the proceeds thereof, after the payment of costs, to be divided according to the rights of the parties as above declared. From this decree some of the parties, assuming that no freehold was involved, appealed to the Appellate Court. Appellants, taking the contrary view, appealed to this court, and the present motion

is made by appellees to dismiss the appeal, on the ground that no freehold is involved.

The general question when a freehold will and when it will not be regarded as being involved in a case, has been frequently the subject of discussion and consideration before this court, and it is hardly necessary to say that it is one not free from difficulty. We do not propose, upon the consideration of this motion, to enter upon a review of the decisions of the court upon this question, but will content ourselves with a bare reference to a few of the more important ones, and a statement, in as clear and explicit terms as we can, of the general rule or principle to be looked to in determining whether a freehold is or is not involved in a given case.

It is conceded by all, so far as we are advised, that the statute does not include all cases where the litigation *may*, in certain contingencies, result in the loss of a freehold, but which will not necessarily do so; and it is equally clear that it does not include all cases in which a freehold is directly affected by the judgment or decree entered in the cause. For instance, an ordinary foreclosure suit against the owner of a freehold estate who has executed a mortgage thereon, is a direct proceeding, not only against the mortgagor, but against the mortgaged premises also; and the decree in such cases ordinarily directs that if the amount found to be due upon the mortgage is not paid within a specified time, the mortgaged premises be sold, and the proceeds thereof applied in satisfaction of the decree. Now, it is evident that in all such cases if nothing is done to arrest the proceedings, they will ultimately result in the loss of the estate and freehold to the mortgagor; and yet it is well settled that a freehold is never involved in this class of cases. (*Pinneo et al.* v. *Knox et al.* 100 Ill. 471; *McIntyre* v. *Yates et al.* id. 475.) So in a proceeding to enforce a mechanics' lien upon a freehold estate, the very object of which is to subject the estate to

the payment of the petitioner's claim, it is well established that a freehold is not involved; yet, as in the case of a foreclosure of a mortgage, if no steps are taken to arrest the proceeding it will result in the loss of the freehold to the owner. *Clement* v. *Reitz et al.* 103 Ill. 315.

It is further to be observed, that the decree in both these classes of cases always establishes a lien upon the incumbered estate, and hence necessarily and directly affects the freehold; nevertheless it is clear, according to all the cases, a freehold, within the meaning of the statute, is not involved. So, every personal judgment or decree for money obtained in a court of record at once becomes a lien upon all the lands of the judgment debtor within the county where such judgment or decree is rendered, not specifically exempt from forced sale, and this lien may be enforced by an execution sale of the lands subject thereto, resulting in a final loss of the freehold, and yet no one has ever supposed for a moment that a freehold, within the meaning of the statute, is involved in cases of this kind.

It is therefore clear that before a freehold can be properly said to be involved in a cause, within the meaning of the statute, something more must appear than the mere fact that the judgment or decree in the case directly affects a freehold estate, and that unless the proceeding is in some manner arrested, by paying the claim, discharging the lien, or otherwise, the estate thus affected will be ultimately lost to the owner. It is evident some additional element must appear in a case in order to bring it within the statute. In *Conkey et al.* v. *Knight et al.* 104 Ill. 337, where a creditors' bill had been filed to set aside certain deeds as fraudulent, and subject the lands conveyed to the payment of the complainants' judgments, it was held that no freehold was involved, and hence an appeal did not lie to this court. To the same effect is *Sawyer* v. *Moyer, ante,* p. 192.

It will be noticed in each of these cases the title of the fraudulent grantee was, by operation of the decree as to the complaining creditors, completely divested, and rendered null and void, and still it was held no freehold was involved,— that is, that one was not necessarily involved, for the effect of the decree might have been altogether avoided by payment of the amount of the complainants' claims. The ultimate object of the suit in those cases was, as it is in this, to obtain satisfaction of certain indebtedness, and so far as the litigation affected or was likely to affect a freehold estate at all, it was incidental and collateral to the main purpose or object of the suit, and the effect of the proceeding upon the freehold might, at any time, have been defeated or avoided altogether by a payment of the debts to enforce which the suit was primarily instituted. To cases of this character, and to all others falling within the general principle which underlies them, we hold the statute has no application.

A freehold is never involved, within the meaning of the statute, except where the primary object of the suit is the recovery of a freehold estate, the title whereof is directly put in issue, and where the suit, if prosecuted to a final determination, will, by virtue of the judgment or decree rendered therein, as between the parties, result in one gaining and the other losing the estate. Of course we do not wish to be understood as intimating that a freehold can not be involved in a case made by a cross as well as by an original bill. It is immaterial in this respect. In such cases, if the suit or proceeding is prosecuted to a final determination, one party necessarily gains and the other loses the estate, and it is not in the power of the defendant, by the performance of some act, as, the payment of a certain sum of money, to suspend the proceeding or avoid the effect of the judgment or decree when rendered, as may always be done where the title of the defendant is assailed as a mere means of subjecting the estate

to the payment of a money demand.  Had Eames, or those claiming under him, on filing the bill in the present case, paid off Walker's entire indebtedness, it is clear neither the judgment creditors nor the assignee in bankruptcy would have had any further claims upon the estate in controversy; and this shows, as was said in the *Conkey case*, a freehold is not necessarily involved in this class of cases, — that is, the defendant in all such cases may defeat the object of the suit, so far as it seeks to disturb his title, by paying off the claims sought to be enforced against it.  If the claims are not well founded, and are in law no charge upon the estate, there is no occasion for his paying them off, as he may successfully defend against them, — and in that case his freehold is not endangered, and therefore not necessarily involved.  If, on the other hand, the claims are well founded, and a charge upon the estate, it is his duty to pay them off, if such payment is necessary to protect his title.  But where the action is brought simply to recover either an equitable or legal freehold, and not merely to enforce some demand or claim against the estate, it is not within the power of the defendant, by independent action on his part, to suspend the proceeding or avoid the effect of the judgment or decree when rendered; and the judgment or decree in such case, until reversed or otherwise set aside, by its own inherent force conclusively settles the question of title between the parties. Cases of this character alone involve a freehold, within the meaning of the statute.

It is clear the present case does not come within this class of cases, and hence the appeal was improperly brought to this court.

*Appeal dismissed.*

Mr. JUSTICE CRAIG dissenting.