JOHN HENRY, Appellee, *vs.* CHARLES BRITT, Appellant.

*Opinion filed October 16, 1914.*

1. DEEDS—*when a deed stands as mere security for money advanced.* Where a purchaser of land assigns his contract to a third person as security for payments to be made on the contract, and the assignee, on completing the payments, takes from the original vendor an absolute deed of conveyance, the deed will stand as mere security for the money advanced.

2. APPEALS AND ERRORS—*when a freehold is not involved.* A freehold is not involved on appeal from a decree holding a deed to be mere security for payments made by the complainant and ordering a conveyance to be made to him upon payment of the amount found due, as the complainant may or may not pay such balance.

APPEAL from the Circuit Court of Pulaski county; the Hon. A. W. LEWIS, Judge, presiding.

C. S. MILLER, and L. M. BRADLEY, for appellant.

CHARLES L. RICE, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

John Henry, appellee, by his amended bill in equity filed in the circuit court of Pulaski county against Charles Britt, appellant, Margaret A. Brown, executrix of the will of A. W. Brown, deceased, and Burton Bagby, guardian

of said Charles Britt, alleged that on August 1, 1904, J. B. Mathis, being the owner of the south-west quarter of the south-east quarter of section 29, in township 14, south, range 1, west of the third principal meridian, in the said county, made and delivered to the complainant a bond, also signed by his wife, Nellie I. Mathis, conditioned for the conveyance of said tract of land to the complainant for the sum of $850, payable $173 cash in hand and the remainder in annual payments of $135 each, with interest at seven per cent; that complainant made the cash payment and entered into possession of the premises and has ever since been in possession thereof; that on May 1, 1905, said J. B. Mathis and Nellie I. Mathis, his wife, executed a quit-claim deed of said premises to A. W. Brown, subject to the terms and conditions of the bond for a deed, which were assumed by A. W. Brown; that in the year 1906 the complainant entered into an agreement with Grant Britt by which Britt agreed to pay to A. W. Brown the amount remaining due and unpaid by the terms of the bond, and upon complainant re-paying to him the amount so paid convey the premises to the complainant, and in pursuance of said agreement the complainant assigned to Grant Britt the bond for a deed; that on October 25, 1906, A. W. Brown died, and afterward the defendant Margaret A. Brown was appointed executrix of his will; that on December 14, 1906, Grant Britt died, leaving the defendant Charles Britt, a minor, his son and only heir-at-law; that on October 15, 1907, Margaret A. Brown, as executrix of the will of A. W. Brown, conveyed the premises to Charles Britt; that on October 19, 1908, H. M. Britt was appointed guardian of Charles Britt; that the complainant had paid to H. M. Britt, as guardian, the remainder of the purchase money due; that when the bill was filed the defendant Burton Bagby was guardian of Charles Britt, and that the complainant had demanded the execution of a deed, which was refused. The defendant

Margaret A. Brown, executrix of the will of A. W. Brown, deceased, by her answer admitted the making of the conveyance to A. W. Brown subject to the bond for a deed, and his death, and the conveyance by her, as executrix, to Charles Britt, so that there was no controversy as to any matter concerning her or A. W. Brown. The defendants Charles Britt and Burton Bagby, his guardian, answered that they were not informed as to the alleged purchase by the complainant from J. B. Mathis, or the payment of $173, or of the deed from J. B. Mathis and Nellie I. Mathis, his wife, to A. W. Brown. They made no denial of the averments of the bill respecting the agreement between the complainant and Grant Britt and made no answer to such averments, but they denied that complainant had performed his obligation or had paid any sum to them or either of them, or on behalf of either of them, on the purchase price of the land, or that he had paid any taxes or assessments or performed his part of the agreement. They alleged that the only thing that the complainant ever gave them was a few loads of corn paid as rent, and they invoked the Statute of Frauds and Perjuries as against the agreement between the complainant and Grant Britt. There was therefore no issue made by the pleadings except the single question whether the complainant had paid the amount due, but, of course, it was necessary for complainant to prove the facts alleged which were not admitted. The chancellor heard the evidence, found the facts as alleged in the bill and stated an account between the complainant and Charles Britt and entered a decree finding that Charles Britt had attained his majority; that the balance due from the complainant was $35.75, and ordering that upon payment of said sum Charles Britt execute and deliver a deed of the premises to the complainant, and in default of such conveyance a special master in chancery appointed for that purpose should execute the deed in his behalf. From that decree Charles Britt alone appealed.

At the hearing there was no dispute as to the making of the bond for a deed, the right of the holder of the bond to a conveyance upon payment of the stipulated amount, nor as to the conveyances alleged in the bill. The matter of fact in dispute was whether the complainant had re-paid the advances made to complete the payments on the bond for.a deed, and the question of law was whether the contract between him and Grant Britt was subject to the defense of the Statute of Frauds. The errors assigned and argued in this court are, that the oral contract between the complainant and Grant Britt could not be enforced in a case where the Statute of Frauds was invoked, as was done in this case; that if Grant Britt was a trustee under the alleged agreement it was void as an express trust, and that there was no resulting trust.

Where a purchaser of land assigns his contract to a third person as security for payments to be made on the contract, and the assignee, on completing the payments, takes from the original vendor an absolute deed of con-veyance, the deed will stand as a mere security for the moneys advanced. (*Smith* v. *Cremer*, 71 Ill. 185.) In the case of a bill filed to enforce such an agreement the freehold is not involved and an appeal is required by law to be taken to the Appellate Court. The complainant in this case would not necessarily gain or Charles Britt lose the freehold, but the complainant would only be entitled to a conveyance upon payment of the balance found due, which he might or might not pay. The appeal should have been taken to the Appellate Court. *Kirchoff* v. *Union Mutual Life Ins. Co.* 128 Ill. 199; *Ryan* v. *Sanford,* 133 id. 291; *Adamski* v. *Wieczorek,* 181 id. 361; *Eddleman* v. *Fasig,* 218 id. 340; *Burroughs* v. *Kotz,* 226 id. 40.

The cause is transferred to the Appellate Court for the Fourth District.                *Cause transferred.*