ADELLA DIGGINS *et al.* Appellants, *vs.* E. L. AXTELL *et al.* Appellees.

*Opinion filed February 17, 1915.*

FREEHOLD—*when a freehold is not involved.* A freehold is not involved, so as to authorize a direct appeal to the Supreme Court, where the purpose of the suit is to redeem from a mortgage, even though, as incident to such relief, a deed to a third party having notice of complainants' rights is sought by the bill to be set aside.

APPEAL from the Circuit Court of McHenry county; the Hon. CHARLES WHITNEY, Judge, presiding.

FISHER & NORTH, and E. H. WAITE, for appellants.

JOHN B. LYON, and BARNES & BARNES, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Appellants, Adella Diggins and Lon O. Diggins, her husband, filed their bill in chancery in the circuit court of McHenry county to set aside a certain deed from appellee E. L. Axtell to appellee William Doyle, and to redeem from a foreclosure sale of the property described in the bill to said Axtell as purchaser of said premises at such sale. It is alleged in the bill of complaint that on March 10, 1909, Adella Diggins was the owner of lot 14, in block 20, in Hart's Third subdivision of Harvard, Illinois, which she mortgaged to R. A. Nugent to secure the note of herself and husband for $2000; that default was made in the pay-

ment of the interest due on the note, the mortgage was foreclosed and the premises were sold at a master's sale on February 18, 1911, to E. L. Axtell for $2450, to whom a master's certificate of purchase was issued; that appellants were induced to delay in the exercise of their rights of redemption by reason of representations made to them by the said Axtell; that on the 24th of July, 1912, a master's deed was issued to Axtell, who thereafter, on August 9, 1912, conveyed the property to William Doyle, who purchased with notice of appellants' equities in the premises. Both appellees filed answers denying the material allegations of the bill, and Doyle filed a cross-bill asking affirmative relief by way of damages for the time he had been kept out of the possession of the property by the appellants. The cause was referred to the master in chancery to take the proofs and report his conclusions as to the law and facts. The master reported finding Doyle purchased with notice of appellants' claimed equities in the premises, but that no agreement had been made between the appellants and Axtell to extend the time for redemption and that the time for redemption had expired, and recommended that the bill be dismissed for want of equity. Appellants and Doyle filed objections before the master, which were overruled and were subsequently ordered to stand as exceptions in the circuit court. On the hearing before the chancellor all exceptions were overruled, the finding of the master approved, and a decree entered dismissing appellants' bill for want of equity. This appeal was taken from the decree.

Appellees have made a motion in this court to transfer the case to the Appellate Court for the Second District on the ground that no freehold is involved and that this court has no jurisdiction, which motion has been reserved until the hearing. It is contended, however, that it is sought by the bill to set aside the deed to Doyle and that his freehold in the premises in controversy is involved. The main purpose sought by the bill of complaint is to redeem from a

foreclosure sale under an agreement to extend the time of redemption. The only title claimed by Doyle is that which he received by deed of conveyance from the purchaser at such sale, and it was alleged in the bill, and the master found and the court sustained such finding, that Doyle purchased the premises in controversy and took his deed with notice of the complainants' rights and equities. The setting aside of the deed to Doyle is merely incidental to the right of redemption sought by the bill and has no bearing on the real question in controversy between the parties. A decree in favor of the party claiming the right of redemption merely establishes his right to redeem, of which right he may or may not avail himself, and does not involve a freehold; (*Peterson* v. *Peterson,* 264 Ill. 121;) nor do the matters set up in the cross-bill of Doyle involve a freehold.

In the case of *Adamski* v. *Wieczorek,* 181 Ill. 361, we held that in a suit to have a deed for land, absolute on its face, declared a mortgage and a right of redemption therefrom allowed, no freehold is involved and a writ of error will not lie directly to the Supreme Court, although, as an incident to the right of redemption, a deed made *pendente lite* by the defendant to a third person was set aside as a cloud on the title. In *Eddleman* v. *Fasig,* 218 Ill. 340, we held that a freehold is not involved on appeal from a decree granting complainant's prayer to have a deed, absolute in form, declared to be a mortgage and to permit redemption, even though, as an incident to the redemption, a deed to a third person who had notice that the deed purporting to vest title in her grantor was intended as a mortgage is set aside. These cases were cited with approval in the late case of *Henry* v. *Britt,* 265 Ill. 131, in which we held that where a purchaser of land assigns his contract to a third person as security for payments to be made on the contract, and the assignee, on completing the payments, takes from the original vendor an absolute deed of conveyance, the deed will stand as mere security for the money

advanced, and that a freehold is not involved on appeal from a decree holding such deed to be mere security for payments made by the complainant and ordering a conveyance to be made to him upon payment of the amount found due, as the complainant may or may not pay such balance. The case of *Eddleman* v. *Fasig, supra,* is squarely in point, and it follows that the appeal was improperly taken to this court.

The motion to transfer the cause will be allowed and the cause will be transferred to the Appellate Court for the Second District.

*Cause transferred.*