GUSTAVE A. BECKER, Trustee, *et al.* Appellees, *vs.* HENRY
J. FINK *et al.*—(THE EAST ST. LOUIS LUMBER COM-
PANY, Appellant.)

*Opinion filed June 22, 1916.*

1. FREEHOLD—*what is necessary in order that a freehold be in-
volved.*  A freehold is involved, within the meaning of the con-
stitution and the statutes, only in cases where the necessary result
of the judgment or decree is that one party gains and the other
loses a freehold, or where the title is so put in issue by the plead-
ings that the decision of the case necessarily involves a decision
of such issue.

2. SAME—*a freehold not involved if defendant may defeat the
suit by making payment.*  No freehold is involved in a proceeding
to enforce liens on real estate if the defendant may arrest the pro-
ceeding, defeat the object of the suit and prevent a disturbance of
his title by making payment or doing some act to arrest the sale.

3. SAME—*when a freehold is not involved though decree prac-
tically sets aside master's deed.*  A freehold is not involved in a
proceeding to foreclose a mortgage even though the decree prac-
tically sets aside a master's deed issued to a purchaser at a sale
to enforce a mechanic's lien, by finding that the mortgage is a first
lien and ordering the premises to be advertised and sold accord-
ing to law.

APPEAL from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding.

KEEFE & SULLIVAN, (C. P. WISE, of counsel,) for appellant.

FRED B. MERRILLS, and FRED E. MERRILLS, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

On May 10, 1908, Willis F. Carl, being the owner of two lots in a subdivision in East St. Louis, in St. Clair county, Illinois, made a contract with the East St. Louis Lumber Company whereby said company agreed to furnish lumber and mill materials to be used in the construction of three buildings on said lots. May 16, 1908, Carl made to Henry J. Fink, as trustee, three mortgages, each on a separate tract of land and each to secure notes aggregating $2500, maturing three years after date. The East St. Louis Lumber Company furnished the lumber and mill work according to its contract, to the value of $1331.84, which were used in the erection of the three buildings on said lots. On December 31, 1909, the lumber company filed a bill for mechanic's lien against Carl, not making Fink, the trustee, or any of the holders of the notes, defendants to the suit. A decree was rendered in favor of the company for $1441.53, and the property was ordered to be sold by the master in chancery if the amount due said lumber company, with costs of suit, was not paid by June 12, 1910. Payment not being made, the master in chancery on July 7, 1910, sold the property to the East St. Louis Lumber Company. The property not being redeemed, on October 24, 1911, the master made a deed of the property to said company. September 4, 1913, the trustee under the three mortgages and the owners of some of the notes filed this bill to foreclose the mortgages. Intervening petitions were filed by a number of

273 — 36

other note holders. After the pleadings were settled the cause was referred to a master in chancery to take evidence. He reported that the trustee and the note holders had a first lien on said lots and the East St. Louis Lumber Company had a second lien under the master's deed. On a hearing in the trial court exceptions to the master's report were over-ruled and a decree was entered in accordance with the findings of the master, that the trustee and note holders under the mortgages had a first lien on the property and that the lien of the East St. Louis Lumber Company was subsequent and inferior to the mortgage liens of the note holders, and that if Carl did not pay the sums found to be due under said notes and mortgages within a certain stated date the property be advertised and sold according to law. From that decree this appeal was prayed by the East St. Louis Lumber Company. The cause has been brought directly to this court, apparently on the ground that a freehold is involved.

It has been repeatedly decided by this court that a freehold is not involved in a suit to foreclose a mortgage. (*Carbine* v. *Fox*, 98 Ill. 146; *McIntyre* v. *Yates*, 100 id. 475; *VanMeter* v. *Thomas*, 153 id. 65; *Reagan* v. *Hooley*, 247 id. 430, and cases cited.) A freehold is involved, within the sense and contemplation of the constitution and statutes, only in cases where the necessary result of the judgment or decree is that one party gains and the other loses a freehold, or where the title is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue. (*Malaer* v. *Hudgens*, 130 Ill. 225; *VanTassel* v. *Wakefield*, 214 id. 205.) Where the litigation in a certain contingency may result in the loss of a freehold but does not necessarily do so, a freehold is not involved. (*Chicago, Burlington and Quincy Railroad Co.* v. *Watson*, 105 Ill. 217.) Where the question of a freehold depends upon the existence of a lien on land no freehold is involved even though the litigation may result in the loss

of a freehold. No freehold is involved if the defendant may arrest the proceeding, defeat the object of the suit and prevent a disturbance of his title by making payment or doing some act to arrest the sale. (*Wachsmuth* v. *Penn Life Ins. Co.* 231 Ill. 29.) In effect, counsel for appellant contend that the decree is erroneous because it does not provide that from the proceeds of sale the East St. Louis Lumber Company should be first paid, and that the bill is really one to redeem and not to foreclose. There is no dispute as to the title. It is really a question of the priority of liens. The scope of the whole litigation is one involving the establishing and enforcement of liens on real estate. In the determination of such questions no freehold is involved. (*Chicago and Great Western Land Co.* v. *Peck;* 112 Ill. 408.) Neither is a freehold involved because the decree practically authorizes the setting aside of the master's deed so far as it affects the lien of the trustee and note holders. The setting aside of the deed is a mere incident to the payment of the prior lien and has no bearing on the real controversy between the parties. (*Burroughs* v. *Kotz,* 226 Ill. 40.) Manifestly, on the facts in this case the question of title is only incidental to the chief question as to the priority of liens, and therefore, under the authorities already cited, a freehold is not involved. The following among many other authorities uphold such conclusion: *Kirchoff* v. *Union Mutual Life Ins. Co.* 128 Ill. 199; *Adkins* v. *Beane,* 135 id. 530; *Fields* v. *Coker,* 161 id. 186; *Richie* v. *Cox,* 188 id. 276; *Haas Electric Co.* v. *Amusement Co.* 236 id. 452; *Holinger* v. *Dickinson,* 252 id. 123; *Chicago Title and Trust Co.* v. *Tilton,* 256 id. 97; *Funk* v. *Fowler,* 264 id. 21; *Henry* v. *Britt,* 265 id. 131.

The appeal should have been taken to the Appellate Court. The cause will be transferred to the Appellate Court for the Fourth District.       *Cause transferred.*