(No. 16713.—Cause transferred.)
MILLARD F. DUNLAP, Appellee, vs. JAMES M. MYERS et al.
Appellants.

*Opinion filed April 20, 1927.*

1. FREEHOLD—*what actions do not involve a freehold.* Bills to foreclose a mortgage, to reform a mortgage so as to include lands not described, or to set aside a conveyance as in fraud of creditors, for the purpose of subjecting the lands to a lien for the payment of money, do not involve a freehold.

2. SAME—*litigation must necessarily result in loss of freehold to authorize direct appeal.* For a freehold to be involved so as to authorize a direct appeal the litigation must necessarily result in the loss of a freehold, and where a defendant may defeat the suit and prevent the disturbance of his title by making payment or doing some act to arrest the sale a freehold is not involved.

3. APPEALS AND ERRORS—*Supreme Court must decline to proceed where jurisdiction is wanting.* Where the question of the jurisdiction of the Supreme Court is not raised by the parties their consent does not give jurisdiction, and it is the duty of the court to decline to proceed in the cause where jurisdiction to determine it is wanting.

APPEAL from the Circuit Court of Morgan county; the Hon. NORMAN L. JONES, Judge, presiding.

L. O. VAUGHT, for appellants.

JOHN J. REEVE, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellee, Millard F. Dunlap, filed a bill in the circuit court of Morgan county against James M. Myers, William A. Tarzwell and the heirs of Rose E. Myers, praying for a decree foreclosing a mortgage, reforming it so as to include the south half of lots 42 and 43 in Murrayville in addition to the lands described in the mortgage, and declaring that Tarzwell held the title to the two half-lots as trustee for Myers and in fraud of Myers' creditors. Answers were filed, issues joined, the cause was heard and a

decree was rendered granting the relief prayed for, holding that Tarzwell held title to the south half of lots 42 and 43 as trustee for Myers and solely as security for the re-payment of money advanced to Myers, ordering that the complainant pay to Tarzwell the sum of $2260.08, that the mortgage be reformed to include the south half of lots 42 and 43, that Myers pay the complainant $14,131.24, and in default of such payment that the premises be sold. The defendants appealed to this court.

The appeal should have been to the Appellate Court. The sole object of the suit is to have the indebtedness of Myers declared a lien on the land. A bill to foreclose a mortgage does not involve a freehold. A bill to set aside a conveyance as in fraud of creditors for the purpose of subjecting the lands to a lien for the payment of money does not involve a freehold. (*Clark* v. *Ball-Bearing Manf. Co.* 323 Ill. 579; *Coutre* v. *Ermel,* 315 id. 361; *Conkey* v. *Knight,* 104 id. 337.) A decree for the reformation of a mortgage so as to include lands not described in it does not involve a freehold. (*McIntyre* v. *Yates,* 100 Ill. 475.) A freehold is not involved where the litigation will not necessarily result in the loss of a freehold, though it may do so in certain contingencies. (*Burroughs* v. *Kotz,* 226 Ill. 40.) Where a defendant may defeat the suit and prevent a disturbance of his title by making payment or doing some act to arrest the sale a freehold is not involved. (*Becker* v. *Fink,* 273 Ill. 560.) A decree granting the relief prayed for in this suit will not necessarily result in the loss of a freehold. There is no other ground for our jurisdiction of this appeal. The question has not been raised by the parties, but their consent does not give jurisdiction and it is our duty to decline to proceed in the cause where jurisdiction to determine it is wanting. *Duncanson* v. *Lill,* 322 Ill. 528.

The cause will be transferred to the Appellate Court for the Third District.   *Cause transferred.*