(No. 21128.—

THE HOME BUILDING AND LOAN ASSOCIATION OF PARIS, Defendant in Error, *vs.* WILLIAM F. GAUMER *et al.* Plaintiffs in Error.

*Opinion filed June 24, 1932.*

O'HAIR & McCLAIN, for plaintiffs in error.

DYAS & REDMAN, and JONES, McINTIRE & JONES, for defendant in error.

Mr. COMMISSIONER PARTLOW reported this opinion:

Defendant in error, the Home Building and Loan Association of Paris, Illinois, filed its bill in the circuit court of Edgar county against plaintiffs in error, William F. Gaumer, the First National Bank and Trust Company of Paris, Roscoe Rives, sheriff of Edgar county, Evelyn Gregg and the Terre Haute National Bank and Trust Company, to foreclose a trust deed held by defendant in error as collateral security for a loan made to Edgar E. Gregg by defendant in error. An answer was filed to the bill by several of the plaintiffs in error, the cause was referred to a special master to take the evidence and report his conclusions of law and fact, the master recommended a decree of foreclosure as prayed, exceptions to the report were overruled, a decree was entered as recommended, and a writ of error was prosecuted from this court to review the decree.

The following facts were alleged in the bill and in the amended answer and were stipulated on the hearing: On December 21, 1908, William F. Gaumer and Ella Gaumer, his wife, executed to Edgar E. Gregg their promissory note for $6000, payable on January 1, 1919, and secured by a trust deed to Gregg on the real estate described in the bill. On June 15, 1912, Gaumer and wife conveyed the real estate to William H. Bull, who assumed and agreed to pay the indebtedness. On November 15, 1916, the conservator of Bull, under an order and decree of the county court of Edgar county, sold the real estate at public sale to Gregg for the amount of his debt, represented by the note and trust deed. On January 1, 1919, Gregg executed a written extension of the time of payment of the Gaumer note and trust deed until January 1, 1929. On December 31, 1927,

he borrowed from defendant in error $5000 and gave his note for that amount, payable one year after date. To secure this note he delivered to defendant in error as collateral security the Gaumer note and trust deed and the extension agreement executed by Gregg. Gregg died testate on June 12, 1930, leaving his sister, Evelyn Gregg, as his only heir-at-law. The First National Bank and Trust Company of Paris was appointed administrator of the estate of Gregg with the will annexed. The $5000 note given by Gregg to defendant in error was not paid when it was due and the bill in this case was filed to foreclose the Gaumer trust deed, which Gregg had pledged to defendant in error as collateral security.

As ground for reversal it is insisted by plaintiffs in error (1) that the relief granted by the decree is different from the relief prayed for in the bill for the reason that the bill is in the usual form of a bill for foreclosure and the decree is on the theory that the facts shown by the record constituted an equitable mortgage; (2) that defendant in error cannot invoke the doctrine of estoppel against the defenses set up in the answer; (3) that when Gregg received the deed for the premises from the conservator of Bull there was a merger of the trust deed in the fee simple title, the lien of the trust deed was thereby extinguished and there could be no foreclosure of the trust deed; (4) that the loan to Gregg by defendant in error was *ultra vires* because defendant in error had no right to make a loan to Gregg, who was not a member of the defendant in error association.

The first question is whether this court has jurisdiction to review the decree. In order for this court to review the decree it is necessary that a freehold be involved. It has repeatedly been held that a freehold is not involved in a suit to foreclose a mortgage. (*Ludwig* v. *Burgess,* 331 Ill. 24; *Farmers State Bank* v. *Fast,* 329 id. 601; *Reagan* v. *Hooley,* 247 id. 430.) A freehold is involved within the

meaning of the constitution and statute only in cases where the necessary result of the judgment or decree is that one party gains and the other loses a freehold, or where the title is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue. (*Becker* v. *Fink,* 273 Ill. 560; *VanTassell* v. *Wakefield,* 214 id. 205.) When the litigation, under a certain contingency, may result in the loss of a freehold but does not necessarily do so a freehold is not involved. (*Chicago, Burlington and Quincy Railroad Co.* v. *Watson,* 105 Ill. 217.) Where the question of a freehold depends upon the existence of a lien on land no freehold is involved even though the litigation may result in the loss of a freehold. No freehold is involved if the defendant may arrest the proceeding, defeat the object of the suit and prevent a disturbance of his title by making payment or doing some act to arrest the sale. *Wachsmuth* v. *Penn Life Ins. Co.* 231 Ill. 29.

The only defense set up in the answer is that Gregg paid no money to the conservator of Bull when the deed was made to him but that he discharged the indebtedness due him, represented by the note and trust deed; that his rights and interest as mortgagee merged in the fee simple title; that at the time Gregg attempted to transfer and assign the note and trust deed to defendant in error as security for the $5000 note, the note and trust deed sought to be assigned had been fully paid and discharged, they were null and void and of no force and effect, they could not be foreclosed, and defendant in error had notice of this condition of the title. This answer raises no question as to a freehold. The title to the property was in Gregg at the time the note and trust deed were delivered to defendant in error as security for the loan to Gregg, the title was in Gregg at the time of his death, it went to his devisee under his will and it is not in controversy in this case. The only question at issue in this case, under the answer, is whether

the trust deed was in force and effect and could be foreclosed at the time the bill was filed to foreclose it. If it was not in force and effect but had been merged in the fee simple title the determination of that question did not involve the question of a freehold. If it was in force and effect and could be foreclosed the foreclosure proceedings did not involve the question of a freehold. Consequently, under either contingency this court does not have jurisdiction to review the decree of foreclosure.

The writ of error should have been prosecuted from the Appellate Court for the Third District, and the cause is transferred to that court.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Cause transferred.*