(No. 22112.—■■■■■■■■)

KATHARINE W. LONG, Appellant, *vs.* THE WILSON STOVE AND MANUFACTURING COMPANY *et al.* Appellees.

*Opinion filed December 22, 1933.*

CHARLES C. GRASSHAM, and H. A. EVANS, for appellant.

Roy R. Helm, Charles E. Feirich, George Eigel, and L. R. Stewart, for appellees.

Mr. Chief Justice Orr delivered the opinion of the court:

From a decree of the circuit court of Massac county dismissing appellant's original bill of complaint for want of equity and awarding certain relief prayed for by appellees in their cross-bill this appeal was taken. The suit here is between stockholders of the Wilson Stove and Manufacturing Company, an Illinois corporation, and grew out of an attempt at voluntary liquidation and sale of the corporate assets. The original bill was filed by Katharine W. Long, one of the stockholders, against the corporation and remaining stockholders as defendants. It charged that the sale of the corporate assets was fraudulent and illegal; that two of the three directors conspired together to force a sale of the corporate property when it could not be advantageously sold, thereby enabling James B. Wilson, one of the directors, to purchase the property at an inadequate price. The complainant in the original bill, who is the appellant here, asked the circuit court to cancel and set aside the bids received, to appoint a receiver for the purpose of preserving and liquidating the property under supervision of the court and to restrain the corporation from selling the property. Wilson filed an answer denying the charges laid against him in the bill, and also filed a cross-bill against appellant and the corporation asking to have his bid of $15,000 for the property approved and that appellant be enjoined from claiming or asserting any interest in the property sold, as a stockholder in the corporation or otherwise. After issues were joined and evidence heard, a decree was entered finding that the amount bid at the sale was adequate and the best that could be secured under the circumstances and that the sale had been lawfully made, without any fraud, collusion or conspiracy. The decree

dismissed the original bill for want of equity, and, in accordance with the prayer of the cross-bill, directed the execution and delivery of a bill of sale conveying certain inventoried assets, machinery, etc., and a deed conveying certain real estate to Wilson within thirty days, upon the payment by him of the balance of $12,000 due upon his bid for the property.

Before considering the issues it is our duty to determine whether or not this court has jurisdiction to entertain this direct appeal. No suggestion is found in the briefs as to the jurisdictional ground upon which this appeal has been brought here and we find no assignment of error which gives this court jurisdiction. The only theory which could have prompted counsel to bring the case to this court is that a freehold is involved. While the question of jurisdiction has not been raised by the parties, it is nevertheless our duty to decline to proceed in a cause where jurisdiction to determine it is wanting. *Bennett v. Bennett,* 318 Ill. 193.

A freehold is never involved, within the meaning of the statute, except where the primary object of the suit is the recovery of a freehold estate the title whereof is directly put in issue. (*Chicago, Burlington and Quincy Railroad Co.* v. *Watson,* 105 Ill. 217.) A freehold is involved only in cases where the necessary result of the judgment or decree is that one party gains and the other loses a freehold, or where the title is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue. (*Becker* v. *Fink,* 273 Ill. 560.) Where the litigation in a certain contingency may result in the loss of a freehold but does not necessarily have that result a freehold is not involved. (*Chicago, Burlington and Quincy Railroad Co.* v. *Watson, supra; Becker* v. *Fink, supra; Dunlap* v. *Myers,* 325 Ill. 398.) Where the right to do certain things which in equity would entitle the party to a freehold might or might not be exercised, or where the

conveyance in question depends upon subsequent acts which might not be required or performed, a freehold is not involved. *Duncanson* v. *Lill,* 322 Ill. 528.

Manifestly, on the facts in this case the question of title is only incidental to the chief questions in issue, relating to fraud, connivance, conspiracy and inadequacy of the price bid · for certain corporate assets. The charges made by appellant are based upon her ownership of certain shares of stock in the corporation. Part of the corporate assets sold consisted of real estate, but appellant owned or claimed no interest in this real estate. The setting aside of the sale would not have resulted in her gaining title to a freehold. The title was not put in issue by the pleadings in any manner and the decree appealed from did not involve a decision on any controverted question of title. The prayer in the cross-bill that the sale be approved and the deed be executed was only an incident to the litigation and has no direct bearing on the real controversy between the parties. As between the appellant and appellees it was admitted by the pleadings that the title to the freehold was in the corporation. The title to the real estate was not put in issue in any manner by the pleadings nor was there any assignment of error questioning the ownership or title thereof. Appellant here could not have gained a freehold if she had been successful, nor in that same event would any of the other parties have lost a freehold, as it would still have remained in the corporation. As it stands, the decree does not unconditionally and necessarily vest a freehold in anyone, as Wilson will only be entitled to a conveyance of the real estate and a bill of sale to the machinery and inventoried assets upon payment of $12,000 balance found due, which he might or might not pay. *Henry* v. *Britt,* 265 Ill. 131.

As the title to a freehold is not involved in this appeal the cause is transferred to the Appellate Court for the Fourth District.

*Cause transferred.*