(No. 23587.— )

ELIZABETH WRIGHT *et al.* Appellants, *vs.* WILLIAM S. LOGAN, Appellee.

*Opinion filed June 17, 1936.*

STEELY, STEELY, GRAHAM & DYSERT, (WALTER V. DYSERT, of counsel,) for appellants.

VANSELLAR & McCLAIN, for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

The appellants filed their bill in the circuit court of Edgar county asking that they be permitted to redeem from a foreclosure within a reasonable and definite time to be fixed by the court. The bill set forth a verbal agreement for an extension of time for redemption from a foreclosure sale of a forty-acre dairy farm near Paris. The answer of the appellee alleged that the appellants did not rely upon the extension agreement, if any such was made, but filed a petition in bankruptcy under section 74 of the Bankruptcy

act for an extension of time for the payment of their debts. The appellants filed a replication, alleging that they were compelled to file the petition in bankruptcy to prevent the appellee from violating his agreement and from procuring and recording a master's deed to the premises in question. It also set up other matter showing a refusal on the part of the appellee to perform his agreement. Upon a hearing the chancellor found the equities of the case to be with the appellee and dismissed the appellants' bill for want of equity. The appellants have perfected their appeal directly to this court, apparently on the hypothesis that a freehold is involved.

A freehold is involved in all cases where the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, and also in cases where the title to a freehold is so put in issue by the pleadings that the decision of the case necessarily involves a decision of that issue. The bill in this case prayed that an accounting be had as to the amount due from the appellants to the appellee and that the court fix a reasonable and definite time within which the appellants could redeem. The only controversy between the parties was as to the right of redemption. The court found that no such right existed. If the prayer of the bill had been granted it would have merely given the appellants the right to redeem from the sale. The gain or loss of a freehold would not be the necessary result of the decree but would depend upon the subsequent act of the party whose right to redeem was determined. A decree in favor of a party claiming a right of redemption merely establishes his right to redeem, of which he may or may not avail himself, and it does not involve a freehold. *Lennartz* v. *Boddie,* 304 Ill. 484; *Parsell* v. *Parsell,* 356 id. 183.

The cause is hereby ordered transferred to the Appellate Court for the Third District.

*Cause transferred.*