(No. 23567.—

Emily J. Wylie *et al.* Appellants, *vs.* Charles E. O'Connor *et al.* Appellees.

*Opinion filed June 17, 1936.*

GREEN & PALMER, (HENRY I. GREEN, and ORIS BARTH, of counsel,) for appellants.

JOHN R. O'CONNOR, LAMARRE & DIAMOND, and MALO & BELL, (STEPHEN C. MALO, and NOEL A. DIAMOND, of counsel,) for appellees.

Mr. JUSTICE ORR delivered the opinion of the court:

The circuit court of Ford county dismissed for want of equity a bill in chancery which sought the cancellation of an agreement and power of attorney executed by appellant Emily J. Wylie to Charles E. O'Connor. The case has been brought here by direct appeal on the theory that a freehold is involved.

Benjamin C. Sears died intestate in February, 1935, leaving an estate of an aggregate value of $80,000, consisting of about $65,000 personalty and real estate valued at about $15,000. He had never been married and his nearest relative was a first cousin, Emily J. Wylie, an aged widow residing at Paxton, Illinois. On the day of Sears' funeral, Mrs. Wylie, who did not know of his death and had not seen him for forty years, was visited at her home by O'Connor, a genealogist from Chicago. He informed her that his business was to trace missing heirs and he was working on an estate in which she was interested, but he could proceed no further without particulars concerning her ancestors. After giving him this information she inquired the source of her new inheritance, but O'Connor said he was not then at liberty to tell her. While there, however, he secured her signature to an agreement containing an assignment of a forty per cent interest in the estate of an unknown deceased, and she also signed a power of attorney authorizing O'Connor to act in her behalf with refer-

ence thereto. On the following day O'Connor inserted the name "Benjamin C. Sears" in the blank space for the name of the deceased in the two documents.

The fourth provision of the "Agreement and assignment" signed by Mrs. Wylie is as follows: "It is further stipulated and agreed, that for and in consideration of, and as full compensation for, all services rendered and to be rendered by the said Charles E. O'Connor, and in consideration of the information conveyed to me regarding this estate by him, the said Charles E. O'Connor shall have and receive, and I do hereby agree for myself and my heirs, executors, administrators or assigns, to pay to said Charles E. O'Connor forty (40%) interest in and to any and all my right, title and interest in and to the property, assets and estate of said deceased, and I do hereby assign, transfer, convey and set over to said Charles E. O'Connor, the undivided interest, above set forth and authorize said Charles E. O'Connor to deduct and retain the amount due him, from any moneys that may come into his hands for my use and benefit, and to remit the balance to me."

Before considering the questions of fraud, concealment, inadequacy of consideration and other points raised by appellant in an effort to have the documents set aside, it becomes necessary for us to determine whether this court has jurisdiction to entertain this direct appeal. While the question of jurisdiction has not been raised by the parties, it is nevertheless our duty to decline to proceed in a cause where jurisdiction to determine it is wanting. *Bennett* v. *Bennett,* 318 Ill. 193.

A freehold is never involved, within the meaning of the statute, except where the primary object of the suit is the recovery of the freehold estate the title whereof is directly put in issue. (*Chicago, Burlington and Quincy Railroad Co.* v. *Watson,* 105 Ill. 217.) A freehold is involved only in cases where the necessary result of the judgment or decree is that one party gains and the other loses a free-

hold, or where the title is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue. (*Becker* v. *Fink,* 273 Ill. 560.) Where the litigation in a certain contingency may result in the loss of a freehold but does not necessarily have that result a freehold is not involved. (*Dunlap* v. *Myers,* 325 Ill. 398; *Burroughs* v. *Kotz,* 226 id. 40.) Where the right to do certain things which in equity would entitle the party to a freehold might or might not be exercised, or where the conveyance in question depends upon subsequent acts which might not be required or performed, a freehold is not involved. (*Duncanson* v. *Lill,* 322 Ill. 528.) To give jurisdiction of a direct appeal to this court a freehold must be directly involved, and not merely collaterally, contingently or incidentally. (*Long* v. *Wilson Stove and Manf. Co.* 354 Ill. 465; *Schmitt* v. *Wright,* 357 id. 509; *Kagy* v. *Luke,* id. 512.) A freehold must be involved in the question to be determined on appeal in order to give this court jurisdiction. (*Schrader* v. *Schrader,* 357 Ill. 623.) In this case Mrs. Wylie merely agreed "to pay the said Charles E. O'Connor forty per cent interest" in her distributive share in the estate and assigned this undivided interest to O'Connor, authorizing him "to deduct and retain the amount due him, from any moneys that may come into his hands for my use and benefit, and to remit the balance to me." The tenor and effect of this instrument, considered as a whole, are, that O'Connor should be paid his forty per cent in money.

As the title to a freehold is not necessarily involved, the cause is transferred to the Appellate Court for the Third District.                   *Cause transferred.*