(No. 29721.—

WILLIAM MCNABB, doing business as HARDIN DRUG COMPANY, Appellant, *vs.* JOSEPH. C. SCHMIEDER *et al.,* Appellees.

*Opinion filed January 22, 1947.*

C. C. Worthy, of Hardin, for appellant.

William M. Cox, of Hardin, for appellee Joseph C. Schmieder; J. Clark Anderson, of Hardin, for appellee Hattie Fluent; S. L. Miller, of Hardin, for appellee Grace Miller; and Verlie, Eastman & Schlafly, (Emerson Baetz, of counsel,) both of Alton, for appellees George B. Springman *et al.*

Mr. Justice Stone delivered the opinion of the court:

Appellant filed a complaint in the circuit court of Calhoun county seeking to redeem certain real estate therein described from a sale under judgment order, and to this end to set aside a certain other judgment with assignment thereof, a sheriff's certificate of redemption, a certain deed to such lands, and other like transactions regarding it. He sought an accounting and redemption. The amended complaint was dismissed by the chancellor and the cause is brought here on direct appeal.

The facts regarding this particular piece of property and the right of appellant to redeem it are somewhat involved and require a more lengthy statement to understand the issues.

On January 14, 1929, appellant recovered a judgment by confession in the county court of Calhoun county against W. G. Squier. This judgment was revived by *scire facias*[*] March 2, 1941. On September 13, 1929, Squier, by will became the owner of the south half and of a life estate in the north half of the lands here involved. He went into possession and remained the record owner thereof until November 18, 1939.

On December 23, 1936, one W. A. Richardson obtained a judgment in the circuit court of Calhoun county against Squier in the sum of $1573.05. Under a levy and sale on an execution on that judgment June 25, 1938, the judgment was satisfied by the sale of the land to Richardson and a certificate of purchase was issued to him by the sheriff of said county. Thereafter and before the time for redemption expired, Richardson assigned his certificate of purchase to C. W. Squier, a nephew of the judgment debtor.

Appellee Grace Miller, on June 17, 1937, obtained a judgment in the circuit court of Calhoun county against W. G. Squier and Lucretia Squier, his wife, in the sum of $608.22 and costs, which judgment is still of record and in full force.

Appellee Hattie Fluent, on June 23, 1939, obtained a judgment by confession in the circuit court of Calhoun county against W. G. Squier, in the sum of $1342.89 and costs. On September 20, 1939, she executed an assignment of this judgment to George B. Springman, by writing across the face of the record of such judgment. On September 20, 1939, an execution on that judgment was issued out of the office of the clerk of the circuit court, on which the sheriff endorsed a levy upon the fractional south half of the land involved. The sheriff's return appears to have been endorsed on December 18, 1939, showing "No part satisfied." This return was filed in the office of the clerk of the court on January 10, 1940. On September 20, 1939, the day execution was issued by Springman on the Fluent

judgment, W. G. Squier, then a widower, and Hattie Fluent, a widow, by a quitclaim deed conveyed the land involved to George B. Springman, assignee of the Fluent judgment, for a stated consideration of $1. On the same day George B. Springman paid the sheriff of Calhoun county the necessary amount to redeem from the sheriff's sale of said land, under execution issued on the W. A. Richardson judgment, the certificate of sale under which judgment had been assigned by Richardson to C. W. Squier, and the sheriff issued his certificate of redemption to Springman, which was duly recorded. C. W. Squier receipted to the sheriff for the redemption money.

George B. Springman and his wife, Helen G., on July 27, 1942, for a stated consideration of $10, conveyed the lands involved to appellee Grace Miller, and the deed was filed for record the following day. On July 27, 1942, Grace Miller and Hattie Fluent entered into an agreement in and by which, upon the payment of $2769.45, with 7 per cent interest from date, on or before July 27, 1944, Grace Miller was to convey, by quitclaim deed, the land in question to Hattie Fluent.

Subsequent to the redemption from the sale under the Richardson judgment, on a date which is not shown by the record, appellant, verbally, and on April 16, 1941, by letter, requested the sheriff to advertise and offer for sale the land in question by virtue of the execution issued upon the Fluent judgment, and on August 13, 1942, filed his complaint, later amended. Answers were filed, issues formed, and after a hearing before the chancellor the decree appealed from was entered.

The errors assigned are: That the court erred, (1) in finding that the equity of the cause is with appellees and against appellant; (2) in dismissing the complaint for want of equity, and in ordering appellant to pay costs of the proceedings. Appellant's argument in support of his assignments of error, and the relief asked for, is that the

deeds and other instruments be set aside as to creditors, so that he may be permitted to redeem from an execution sale as a judgment creditor of W. G. Squier and sell the land in satisfaction of his judgment.

A question is presented on this record by a motion of appellee to dismiss this appeal. This motion was taken with the case. The apparent basis on which a direct appeal is taken here is that a freehold is involved because the relief sought involves the setting aside of two deeds.

A freehold is involved in all cases where the necessary result of a judgment or decree is that one party gains and the other loses a freehold estate, or where the title to the freehold is so put in issue by the pleadings that the decision of the case necessarily involves a decision of that issue. (*Ziegler* v. *Perbix*, 380 Ill. 264.) In the case before us the complaint sought the right to redeem, and as a necessary incident thereto it prayed that a certain judgment, the assignment thereof, the sheriff's certificate of redemption, and deeds of conveyance to the land, be set aside and held void as against appellant's right to redeem. An accounting was also asked. Appellant asked to be allowed to pay into court, for the use of appellees, an amount sufficient to cover such sums as would be found due to them on an accounting.

The fundamental issue between the parties was the right of appellant to redeem from a sale under an execution and to subject the real estate to a sale under an execution to be issued upon appellant's revived judgment. Had this relief been granted, appellant was under no obligation to redeem the land, and appellees, as owners of the record title, could have satisfied the decree by paying appellant the amount of his judgment with interest and costs. The setting aside of the two deeds, as prayed in the amended complaint, was to so improve appellant's position that he might redeem from the creditor last redeeming under a former sale. The setting aside of the deeds therefore was but incidental to the right of redemption and has no bearing

upon the real controversy. (*Callner* v. *Greenberg,* 372 Ill. 176; *Lennartz* v. *Boddie,* 304 Ill. 484; *Diggins* v. *Axtell,* 266 Ill. 564.) It follows, therefore, that a decree setting aside the deeds to permit appellant to redeem, would not necessarily involve a freehold, as it would merely establish the right of redemption, a privilege and right that he might not avail himself of. Such a decree does not involve a freehold. *Ziegler* v. *Perbix,* 380 Ill. 264; *Wright* v. *Logan,* 364 Ill. 33; *Lennartz* v. *Boddie,* 304 Ill. 484; *Diggins* v. *Axtell,* 266 Ill. 564.

No freehold being involved and there being no other grounds giving this court jurisdiction on direct appeal, the cause is transferred to the Appellate Court for the Third District.

*Cause transferred.*