(No. 32397.—

Streator Federal Savings & Loan Association *et al.,* *vs.* Arthur Benckendorf *et al.,* Appellants.—(Alfred Kohrt, Appellee.)

*Opinion filed November 20, 1952.*

CLYDE E. MITCHELL, of La Salle, for appellants.

W. D. JONES, of Streator, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

The appellants, Arthur Benckendorf and Nellie Benckendorf, his wife, appeal from an order of the circuit court of La Salle County dismissing their cross complaint for redemption of their homestead property which had been sold to appellee, Alfred Kohrt, at a foreclosure sale. Appellants had remained in possession of the property during the redemption period and at the expiration thereof the appellee filed his petition for a writ of assistance to secure possession and appellants filed their cross complaint for redemption.

Appellants' cross complaint alleged that appellee had orally agreed before the expiration of the redemption period to extend the period and to give appellant Benckendorf ample notice when he wanted his money and that in reliance upon this agreement appellants had not redeemed the property although they could and would have done so in the absence of Kohrt's representations and inducements. They prayed that the court determine the amount due Kohrt and that the court fix a reasonable time within which they could comply with the decree, pay the sum due and procure a deed from appellee.

Appellee filed a motion to dismiss the cross complaint on the grounds that the complaint showed on its face that

the alleged agreement was without consideration and without mutuality. This motion was sustained, the cross complaint dismissed and appellants appeal to this court to reverse that order of dismissal.

The parties here have not raised the point but it is immediately apparent that there is no basis here for a direct appeal to this court. The only basis for such appeal would be that a freehold was involved. We have stated many times that to justify a direct appeal to this court on the ground that a freehold is involved a necessary result of the decision must be the loss by one party and a gain for the other of a freehold, or the title must be so put in issue, by the pleadings, that a determination of the case necessarily involves a decision with respect to the ownership of the real estate in question. (*Kramer* v. *Ginger,* 405 Ill. 17; *Campo* v. *Grunewald,* 391 Ill. 91; *McNabb* v. *Schmieder,* 396 Ill. 92.) We have also frequently held that bills to redeem from foreclosure sales do not involve a freehold for the reason that denying redemption does not take away a freehold from the plaintiff and allowing redemption does not give the plaintiff a freehold, as he acquires merely the right to redeem which he may or may not exercise to acquire title. *Wright* v. *Logan,* 364 Ill. 33; *Diggins* v. *Axtell,* 266 Ill. 564.

The instant case falls squarely within this rule. Were we to sustain the trial court in dismissing the cross complaint for failure to state a cause of action, we have not taken a freehold from the appellants—we have merely determined that no issue existed. Were we to reverse the trial court the cause would be remanded to require an answer, and further proceedings to determine the rights of the parties. In neither event is a freehold directly involved so as to give us jurisdiction.

This cause is therefore transferred to the Appellate Court for the Second District.

*Cause transferred.*