## HENRY H. GAGE

*v.*

## SHELDON PEASE *et al.*

*Filed at Ottawa November 20, 1883.*

1.  APPEAL—*in suit to foreclose.*   An appeal does not lie from a decree of the circuit court foreclosing a mortgage or deed of trust, directly to this court, where no adverse claim of title is set up in defence by any of the defendants.

2.  PLEADING—*allegations in answer to bill to foreclose, construed.*   A person was made a defendant to a bill to foreclose a mortgage, under the allegation that he had, or claimed to have, some interest in the mortgaged premises, etc.   In his answer he alleged that he held a tax title upon certain of the property, but did not claim title thereby, and then made a statement of the amount he was entitled to upon a redemption from the tax sale, and concluded by praying that his said statement be allowed: *Held*, that the answer did not set up any claim of title, but only sought to have allowed to him, out of the proceeds of the sale, such a sum as he would be entitled to on a redemption.

APPEAL from the Circuit Court of Cook county; the Hon. W. W. FARWELL, Judge, presiding.

Mr. HENRY D. BEAM, and Mr. AUGUSTUS N. GAGE, for the appellant.

Mr. C. C. CLARK, and Mr. J. B. SKINNER, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a bill in equity for the foreclosure of a trust deed in the nature of a mortgage, by Sheldon Pease and Horace F. Waite, against Lorenzo P. Sanger, Henry H. Gage, and others. The decree was in accordance with the prayer of the bill, and the case is brought here by the appeal of Gage.

Very clearly no freehold is involved, and the appeal should have been to the Appellate Court for the First District. The main purpose of the bill is that of foreclosure and sale, and the allegation, as respects Gage, is as follows: "That" certain named parties and "Henry H. Gage have, or claim to have, some interest (the precise nature whereof is unknown to your orators) in the said mortgaged premises, as purchasers, mortgagees, trustees, holders of indebtedness secured by the same, creditors by judgment or decree, or otherwise; but such claims or interest, if any there be, have accrued since, and are subject to the liens of your orators by virtue of the said trust deed and indebtedness thereby secured and held by your orators." In Gage's answer he alleges that he holds a tax title upon certain of the property. He does not claim to be owner by virtue thereof, but, after this allegation, he proceeds to make a statement of the amount to which he is entitled upon a redemption of the property from a tax sale, and concludes by praying "to have his said statement allowed and to be hence dismissed with his reasonable costs," etc. The prayer can only be understood as seeking an allow-

ance, out of the proceeds of the sale under the decree to be rendered, equivalent to the amount to which he would be entitled on a redemption from the tax sale. The decree found that Gage had no interest in the premises. The question of title was, therefore, in no manner before the court, nor affected by the decree rendered by the court.

The following cases are conclusive that we have no jurisdiction: *McIntyre* v. *Yates et al.* 100 Ill. 475; *Gage* v. *Starkweather*, 103 id. 559; *Sawyer et al.* v. *Moyer et al.* 105 id. 192; *Chicago, Burlington and Quincy R. R. Co.* v. *Watson et al.* id. 217; *Conkey et al.* v. *Knight et al.* 104 id. 337; *Illinois Furnace Co.* v. *Vinnedge, Jones & Co.* 106 id. 652.

The appeal is dismissed, and appellant will be allowed to withdraw record, abstracts and briefs, if he shall so desire, for the purpose of suing out a writ of error from the Appellate Court for the First District.

*Appeal dismissed.*