THE FARMERS STATE BANK OF PRINCEVILLE *et al.* Appellants, *vs.* MILTON FAST *et al.* Appellees.

*Opinion filed April 21, 1928.*

APPEALS AND ERRORS—*a freehold is not involved in foreclosure suit.* A freehold is not involved in a suit to foreclose a trust deed, and where the only issue involved in an appeal to the Supreme Court is whether the rights of a third party in an agreement·with the mortgagor permitting erection of a dwelling house on the property are subject to the lien of the trust deed, the cause must be transferred to the Appellate Court.

APPEAL from the Circuit Court of Peoria county; the Hon. JOSEPH E. DAILY, Judge, presiding.

MANSFIELD & COWAN, and GEORGE J. JOCHEM, for appellants.

LEON E. SUTHERLAND, and TODD, MORGAN, PENDARVIS & ARBER, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Appellants, the Farmers State Bank of Princeville and A. B. DeBord, brought this suit in the circuit court of Peoria county to foreclose a trust deed executed by appellee Milton Fast on December 12, 1924, to DeBord, trustee, to secure the payment of an indebtedness in the sum of $14,975.57, evidenced by eight promissory notes, payable five years after date and bearing interest at the rate of seven per cent. The bill made appellee Allen C. Fast a party thereto and alleged that he claimed some right, title or interest in the premises as purchaser, mortgagee, judgment creditor or otherwise, and alleged further that if he had any such interest it was secondary and subsequent to that of DeBord acquired under the trust deed. Appellees filed a joint and several answer, in which they alleged that in the year 1907 Milton Fast made an oral agreement with Allen C. Fast with reference to a part of the premises described in the trust deed, and that this oral agreement was reduced to writing March 14, 1921, and signed by them; that pursuant to the oral agreement, in the year 1917 Allen took possession of the premises and built thereon a dwelling house at a cost of approximately $8000; that after the completion of the dwelling Allen moved into it and has since continued in possession of the premises, claiming the right of possession and the right to continue to occupy the same under the terms of the oral and written agreement; that appellant the Farmers State Bank of Princeville had notice of the possession of Allen and of his claim to the premises and of the terms of the oral and written agreement long prior to the execution of the notes and the trust deed described in the bill of complaint, and that the rights of Allen are not secondary and subsequent to the lien of the trust deed. Attached to the answer and incorporated therein was the written agreement made between Milton and Al-

len. Without setting out this agreement in full, it is suffi-
cient to state that it was covenanted and agreed between
the parties that Milton is the owner in fee simple of the
land described in the trust deed and Allen the owner of
the dwelling house now located on the land, and that Allen
has full right and lawful authority to have the dwelling
house remain on the lot during the life of the parties there-
to, and in the event of the death of either of the parties
thereto certain provisions are made for the appraisement
of the house and lot, a sale of the premises and a division
of the proceeds.

In the trial court two issues were presented : First, that
the bill of complaint was prematurely filed, on the ground
that there had been no default in the payment of interest;
and second, whether the rights of Allen acquired by the
agreement and the erection of the dwelling house and the
possession of the premises were subsequent to the lien of
the trust deed of appellants. The trial court dismissed the
bill for want of equity and an appeal was prayed and per-
fected directly to this court. What question is presented
which gives this court jurisdiction of a direct appeal? Ob-
viously, the first question does not. Without determining
the nature of the rights of appellee Allen C. Fast under the
agreement, it is apparent that the only issue involved with
reference to such rights is whether or not they are subject
to the lien of appellants' trust deed. There are no plead-
ings in this case which involve a question of title. It has
been held repeatedly by this court that a freehold is not in-
volved in a suit to foreclose a mortgage. (*Becker* v. *Fink,*
273 Ill. 560; *Williams* v. *Spitzer,* 203 id. 505.) The ap-
peal should not have been taken directly to this court, and
the cause is therefore transferred to the Appellate Court
for the Second District.            *Cause transferred.*