(No. 19251.—

CHARLES E. SULLIVAN, Appellee, *vs.* LOUIS E. ABBOTT, SR., *et al.* Appellants.

*Opinion filed April 20, 1929—Rehearing denied June 7, 1929.*

DUNN, J., and DEYOUNG, C. J., dissenting.

J. W. TEMPLEMAN, for appellants.

LOREN E. SULLIVAN, and OSCAR J. PUTTING, for appellee.

Mr. JUSTICE DIETZ delivered the opinion of the court:

This is an appeal from a decree entered by the circuit court of Sangamon county in favor of appellee on his bill to foreclose a mortgage upon real estate against appellants, Louis E. Abbott, Sr., and Margaret M. Abbott, his wife, and against other defendants who did not appear in the court below and are not parties to this appeal.

William E. Emerson and his wife, Rose E. Emerson, by their mortgage made, dated, acknowledged and recorded on June 26, 1922, conveyed to the appellee lot 8 and the west 38 feet of lot 9, in block 12 of Mason's addition to the city of Springfield, to secure the principal sum of $2500, represented by one note for that amount, due five years after date, with interest at the rate of six per cent per annum, represented by ten interest notes for $75 each, falling due every six months. On June 27, 1923, the Emersons paid to the appellee $400 on account of the principal. Thereupon he released the west 38 feet of lot 9 and the east 14 feet of lot 8 from the lien of the mortgage by partial release entered on the margin of the record. The interest was regularly paid by the Emersons up to December 26, 1926. From that date they have been in default as to interest and since June 26, 1927, both as to interest and principal. All of these facts are alleged in the bill. It further avers that the appellants are in possession of the west 50 feet of lot 8, which is the portion of the mortgaged premises not covered by the partial release; that such possession by the appellants is based upon a warranty deed from the Emersons to

Louis E. Abbott, Sr., dated June 14, acknowledged July 31 and recorded August 1, 1922, and that the interest of the appellants under said deed accrued subsequent to the lien of the mortgage of the appellee and is subject thereto. The appellants filed their joint and several answer to the bill. In the answer it is averred that they purchased the premises last above described from the Emersons on June 14, 1922; that they immediately went into possession of the same and that they have been in possession and have exercised ownership thereof ever since, and that they were the owners thereof before the appellee took the mortgage sought to be foreclosed in this case. The answer denies that on June 26, 1922, the Emersons were the owners of the premises and that they had the right to mortgage the same, and avers that the appellants do not owe the appellee anything; that they have fully paid the Emersons the full amount of the purchase price of the premises as agreed, on June 14, 1922, and that the appellants thereby became and are the owners of the same, free and clear of the lien of the mortgage of the appellee. The appellee filed a general replication to the answer. The other defendants were defaulted. The cause was referred to a master. He filed a report in favor of the appellee. This report was confirmed by the court and a decree of foreclosure was entered in accordance therewith. The decree found and determined that the appellants did not take possession of the premises conveyed by the Emersons to Abbott until January 7 or 8, 1923; that the appellee at the time of receiving his mortgage from the Emersons had no actual or constructive notice of the conveyance from the Emersons to Abbott, and that whatever interest the appellants have in the premises conveyed by the Emersons to Abbott has accrued since and is subject to the lien of the appellee's mortgage.

It is admitted that for some considerable period before the first of June, 1922, and continuously until the 7th or 8th of January, 1923, Mary Salmon was in the actual posses-

sion of the premises conveyed by the Emersons to Abbott. It is the claim of the appellants that from June 14, 1922, until the 7th or 8th of January, 1923, when they went into the actual possession of the premises, Mary Salmon was occupying such premises as their tenant and that she paid rent to them covering all of this period. For that reason they contend they were thus in constructive possession of such premises, through their alleged tenant, on June 26, 1922, the date of the recording of the mortgage of the appellee, and, consequently, that their rights in the premises are superior to the lien of the mortgage. It is also admitted that the appellants were in the actual possession of the premises on June 27, 1923, which is the date of the release of the portion of the mortgaged premises covered by the partial release. For that reason they further contend that as to the property sought to be foreclosed the effect of the partial release was to reduce the lien of the appellee's mortgage to the extent of the value of the premises thereby released.

Prior to the transactions through which the appellee, the Emersons and the appellants became interested in the property in question, as shown by the evidence in the case, it was owned by James Donelan. On or about June 8, 1922, through the appellee, who was a real estate agent, Donelan entered into an agreement to sell it to William E. Emerson for the sum of $3000. On the same day Emerson gave to the appellee on account of the purchase price his check for $500. As a part of the same transaction the appellee agreed to loan to Emerson the balance of $2500, in consideration whereof Emerson agreed to give to the appellee a mortgage on the premises for that amount. Pursuant to and in consummation of these agreements Donelan and his wife conveyed the premises to Emerson by warranty deed dated June 24, 1922, the appellee advanced to Emerson the sum of $2500, and Emerson and his wife executed and delivered to the appellee the mortgage sought to

be foreclosed in this case, together with the notes secured thereby. This deed was duly recorded on June 26, 1922, at 12:16 P. M., and one minute later this mortgage was likewise recorded. Subsequent to June 8, 1922, Emerson and his wife conveyed to Abbott that portion of the premises which was not covered by the partial release heretofore mentioned. This deed was dated June 14, acknowledged July 31 and recorded August 1, 1922, but there is nowhere in the record any evidence as to the exact time of its actual execution and delivery. This evidence was, of course, in the possession of the appellants. It might have had an important bearing on the case, but it was not produced.

A foreclosure suit does not ordinarily involve a freehold. Hence, generally, an appeal therein cannot be taken to this court. (*Farmers State Bank* v. *Fast,* 329 Ill. 601.) This case is different. Here the appellants contend that prior to June 26, 1922, the date of the mortgage from the Emersons to the appellee, Emerson had conveyed the full title to Abbott, and therefore on that date Abbott—not Emerson—was the owner of the fee. The appellee contends, and the court found, that on that date Emerson—not Abbott—was the owner of such fee. These contentions were raised by the pleadings and disposed of by the decree. They are also preserved by the assignments of error and pressed for consideration in this court. Under these circumstances a freehold is involved. The appeal was therefore properly taken to this court. *Gage* v. *Pease,* 107 Ill. 598; *Franklin* v. *Loan and Investment Co.* 152 id. 345; *VanMeter* v. *Thomas,* 153 id. 65.

It is admitted that Mary Salmon was in the exclusive actual possession of the premises conveyed by the Emersons to Abbott continuously from June 14, 1922, until the 7th or 8th of January, 1923. To sustain the claim of the appellants that they were in constructive possession of the premises on June 26, 1922, Abbott testified that he collected

the rent from Mary Salmon covering the whole of this period. In this he is not supported by any other witness or by other evidence. His wife, Margaret M. Abbott, was a witness for the appellants. She testified that the first rent collected from these premises was paid in July, 1922, and that this was given by Mary Salmon to Emerson, who later paid it to Abbott. Mary Salmon testified that she paid no rent to anyone until after July 1, 1922, and that prior to that time she had been occupying the premises without charge, under a claim of an interest therein through an arrangement with her aunt, who was the actual owner thereof. She also testified that she paid the rent for July, August and September, 1922, to Emerson, and that she did not begin paying rent to Abbott until after October 1 of that year. The claim of the appellants that she was their tenant on June 26, 1922, and that through her occupancy they were in constructive possession on that date, is therefore not sustained by the evidence. The trial court did not err in so finding in its decree.

The remaining contention of the appellants is, that as to the property sought to be foreclosed the effect of the partial release was to reduce the lien of the appellee's mortgage to the extent of the value of the premises thereby released. This would be true if the appellee had actual notice of the rights of the appellants at the time the partial release was given. He testified that he did not know that the appellants were interested in the property until some time in the summer of 1927. There is no evidence to the contrary. When he executed the partial release the appellee was not bound to make a search of the records to discover the rights of the appellants. The partial release of a mortgage will not affect the lien thereof as against the interests of third parties in the property not released, in the absence of actual notice to the mortgagee, even though such interests appear of record. (*Iglehart* v. *Crane & Wesson,* 42 Ill. 261; *Boone* v. *Clark,* 129 id. 466; *McMillan* v. *McCor-*

*mick,* 117 id. 79; *Hazle* v. *Bondy,* 173 id. 302.) In the *Iglehart case, supra,* the court said: "It would be unreasonable to require a mortgagee to take notice of the registry of deeds made subsequent to his own mortgage. He is neither a 'creditor' nor a 'subsequent purchaser,' and therefore falls neither within the letter nor spirit of the recording laws."

The decree of the court below was right, and it is therefore affirmed.

*Decree affirmed.*

DUNN, J., and DEYOUNG, C. J., dissenting:

In our judgment this court has no jurisdiction of this cause and it should be transferred to the Appellate Court. A suit for the foreclosure of a mortgage does not involve a freehold, and this case is no exception to the rule. (*Farmers State Bank* v. *Fast,* 329 Ill. 601.) The only object of the suit was to enforce the lien on the land. There was no issue in regard to the title. Both parties claimed through Emerson—Abbott as the owner of the fee and Sullivan as a mortgagee. The pleadings did not put Abbott's title in issue. The bill did not question his title or that he acquired it in the manner stated in his answer, but alleged that he acquired his interest by Emerson's deed dated June 14, acknowledged July 31 and recorded August 1, 1922, just as the answer alleged. The only issue in the case, either in the pleadings or the evidence, was the question whether Sullivan had notice of Abbott's title. If Sullivan had notice the mortgage was not a lien on the land; if he had not notice the mortgage was a lien on the land, and in either event Abbott's title was not affected. In either event he could pay the mortgage or the decree and relieve his land of the incumbrance.