ELIZABETH BIGGINS *et al.*

*v.*

DANIEL LAMBERT.

*Opinion filed October 26, 1903.*

</div>

APPEALS AND ERRORS—*when freehold is not involved.* A freehold is not involved in a proceeding by a judgment creditor to set aside a conveyance alleged to have been made by the judgment debtor for the purpose of fraudulently defeating complainant's claim.

APPEAL from the Circuit Court of Will county; the Hon. JOHN SMALL, Judge, presiding.

BLACK & BLACK, and J. W. DOWNEY, for appellants.

J. L. O'DONNELL, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

At the February term, 1903, of this court a motion was made by appellee to dismiss the appeal, upon the alleged ground that no freehold is involved, and that, therefore, this court has no jurisdiction. This motion was reserved to the hearing; and, in order to determine it, it will be necessary so far to consider the facts as to determine the nature of the issue involved.

The bill in this case is filed by the appellee, Daniel Lambert, against John Ward and Elizabeth Biggins, and alleges that, on January 12, 1900, John Ward was the owner in fee of one hundred and twenty acres of land in

Will county, and has continued in the possession thereof, using the same as a farm; that he became the owner by virtue of a deed, dated January 12, 1900, conveying the same to him and executed by Catherine Ward, executrix of the last will of Daniel Ward, although said deed to him was not filed for record until March 12, 1901; that on April 8, 1901, the appellee commenced a suit at law in the Will county circuit court against John Ward, which was tried before a jury who rendered a verdict on October 17, 1901, in favor of appellee for $5000.00 damages; that on October 26, 1901, judgment for that amount was entered against said John Ward upon said verdict; that said judgment is still in force and unsatisfied; that appellee sued out execution and fee bill upon the same, and placed them in the hands of the sheriff of Will county for execution, who thereupon levied said execution upon said real estate, but that the same has been in no part satisfied; that on March 11, 1901, John Ward executed a deed, purporting to convey said premises to his sister, the appellant, Elizabeth Biggins, for the pretended consideration of $8000.00, which deed was recorded on March 12, 1901, in the recorder's office of Will county; that the conveyance to Elizabeth Biggins was without consideration, and was for the purpose of avoiding the payment of the liabilities of John Ward; that the pretended consideration was not in fact paid, nor secured to said John Ward. The court found that the cause of action, resulting in said judgment, was for a tort which accrued prior to March 11, 1901. The prayer of the bill in the case is, that the deed of John Ward to his sister, Elizabeth Biggins, dated March 11, 1901, be decreed to be in fraud of the rights of appellee as a judgment creditor, and annulled and set aside, and that so much of the real estate described, as may be necessary to satisfy appellee's judgment, may be sold by the sheriff free from the lien or cloud created by said pretended deed, the surplus, if any, to be paid over to Elizabeth Biggins; and for further relief.

The final decree of the court found that the deed of John Ward to Elizabeth Biggins was a fraud upon the rights of appellee, and that the premises were held in secret trust by her for her brother, John Ward; and it was ordered that the deed be set aside as against the rights of appellee under his judgment. The decree further ordered, that appellee be authorized to proceed upon his *fieri facias* issued upon said judgment, or issue another *fieri facias*, directing that the sheriff proceed to advertise and sell said real estate thereunder, or so much thereof, as might be necessary for the payment and satisfaction of said judgment, and costs.

From the foregoing statement of facts, it appears that this is a bill, filed by a judgment creditor for the purpose of setting aside a conveyance, alleged to have been made by the judgment debtor for the fraudulent purpose of defeating the enforcement of the claim of the judgment creditor. Where such a bill is filed, no freehold is involved. Consequently, the point, made by the appellee, that this court has no jurisdiction, and that the appeal should be dismissed, is well taken.

In *Moshier* v. *Reynolds*, 155 Ill. 72, we said: "A bill filed in aid of an execution, or as a creditor's bill, seeking to set aside an alleged fraudulent conveyance, made by a judgment debtor, and subject the lands to sale for the payment of the judgment indebtedness, does not involve a freehold." To the same effect are the following cases, to-wit: *Conkey* v. *Knight*, 104 Ill. 337; *Sawyer* v. *Moyer*, 105 id. 192; *Chicago, Burlington and Quincy Railroad Co.* v. *Watson*, id. 217; *Blackman* v. *Preston Bros.* 119 id. 240; *Hupp* v. *Hupp*, 153 id. 490; *First Nat. Bank* v. *Vest*, 187 id. 389.

Accordingly, the motion to dismiss the appeal is allowed, and the appeal is dismissed for want of jurisdiction in this court.    *Appeal dismissed.*