(No. 20262.—

CORA A. BLODGETT, Appellee, *vs.* MAUDE C. BLODGETT *et al.* Appellants.

*Opinion filed April 23, 1931.*

WILLIAM L. PIERCE, CHARLES W. FERGUSON, JAMES M. HUFF, ALEXANDER J. STROM, and MARSHALL & MARSHALL, (ALEXANDER·H. MARSHALL, and MAURICE G. SHANBERG, of counsel,) for appellants.

PATRICK H. O'DONNELL, and ROY F. HALL, for appellee.

Mr. JUSTICE ORR delivered the opinion of the court:

On June 10, 1922, the appellee, Cora A. Blodgett, filed a bill in chancery in the circuit court of Boone county against Andrew T. Blodgett and Eva M. Noon for the purpose of recovering an interest in property which she claimed had rightfully belonged to her husband, Hudson D. Blodgett, then deceased. The bill was amended several times, and after hearings in court from time to time during a period of five or six years a final decree was rendered on February 8, 1930, awarding complainant the sum of $30,882.02, with interest from that date until paid. The amount was decreed a trust fund, impressed by way of a lien upon the lands then owned by Maude C. Blodgett, the child and sole heir of Andrew T. Blodgett, who died during the pendency of the proceedings and for whom she had been substituted as a party defendant. After the issues were joined and the decree entered Maude C. Blodgett appealed to this court.

The appeal should have been to the Appellate Court. The issues as made up by the amended and supplemental bills and answers were whether the complainant should be allowed an interest in funds derived from a prior partition sale of lands in which her husband owned an undivided one-third interest. The object of the last amended and supplemental bill was to impress a trust upon the proceeds of a chancery sale, which the complainant claimed had been fraudulently maneuvered so that one-third of the sale proceeds belonging to Hudson D. Blodgett were collected and withheld by his brother, Andrew T. Blodgett, to pay a judgment obtained on some allegedly fictitious and fraudulent notes. In addition to her answer a cross-bill was filed by Maude C. Blodgett setting up the will of James S. Blodgett, deceased, in an attempt to show that its proper construction would have caused a reversion of the interest of Hudson D. Blodgett in such real estate to Andrew T. Blodgett and Eva M. Noon upon his death. This cross-bill also averred that by reason of partition proceedings begun by Andrew T. Blodgett in January, 1919, to which Eva M. Noon and Hudson D. Blodgett were parties, the lands devised by James S. Blodgett, deceased, were "duly and legally sold" to Andrew T. Blodgett, and that thereby all the rights of Cora Blodgett, Hudson D. Blodgett and Eva M. Noon in the real estate were "extinguished," and that Eva M. Noon and Hudson D. Blodgett had each received amounts equal to their respective interests in the property formerly owned by them as tenants in common. No averment was made that the court was without jurisdiction of all the parties in the partition proceeding or that the sale of the lands under it in 1919 should for any reason be set aside. The will of James S. Blodgett was the basis for the title to the lands partitioned and sold in 1919, and the cross-bill filed in the present case, which the lower court dismissed for want of equity, did not challenge the former adjudication. On the contrary, it asserted that the rights of Hudson D.

572

Blodgett and others in the real estate had been thereby completely divested. Thus by its own terms the cross-bill shows that because of the former adjudication of the controlling facts no freehold is now involved.

The decree granting the relief prayed for in this suit is for a sum of money, only, and its enforcement will not necessarily result in the loss of a freehold. A bill to subject lands to a trust or a lien for the payment of money does not involve a freehold. Where the whole scope of the litigation is one involving the establishing and enforcement of liens on real estate no freehold is involved. (*Chicago and Great Western Land Co.* v. *Peck,* 112 Ill. 408; *Becker* v. *Fink,* 273 id. 560.) In order to give this court jurisdiction the freehold must be directly, and not collaterally or incidentally, involved. (*Town of Mattoon* v. *Elliott,* 259 Ill. 72; *Lederer* v. *Rosenston,* 329 id. 89; *Burroughs* v. *Kotz,* 226 id. 40.) For a freehold to be involved so as to authorize a direct appeal to this court the litigation must necessarily result in the loss of a freehold, and where a defendant may defeat the suit and prevent the disturbance of his title by making payment or doing some act to arrest the sale a freehold is not involved. (*Scanlon* v. *Beebe,* 335 Ill. 400; *Dunlap* v. *Myers,* 325 id. 398; *Clark* v. *Ball-Bearing Manf. Co.* 323 id. 579; *Coutre* v. *Ermel,* 315 id. 361.) The rights of the parties in the land were previously decided in the partition proceedings, so that the relief here sought and the decree appealed from concern only the proceeds of the sale and do not involve a freehold. There is no other ground for our jurisdiction of this appeal. The question of jurisdiction was not raised by the parties, but their consent does not confer jurisdiction where the same is wanting. *Duncanson* v. *Lill,* 322 Ill. 528.

The cause is transferred to the Appellate Court for the Second District.

*Cause transferred.*