(No. 21761.—

THE ILLINOIS VALLEY BANK *vs.* EDNA S. NEWMAN *et al.*
Plaintiffs in Error.—(THE GRIGGSVILLE STATE BANK·
*et al.* Defendants in Error.)

*Opinion filed October 21, 1933—Rehearing denied Dec. 8, 1933.*

NOAH GULLETT, and HOOPES & PEFFERLE, for plaintiffs in error.

WILLIAM and BARRY MUMFORD, and MERRILL H. JOHN-STON, for defendants in error.

Mr. JUSTICE JONES delivered the opinion of the court:

The Illinois Valley Bank, predecessor of the Griggsville State Bank, and various other judgment creditors of Edd Newman, filed a bill in the circuit court of Pike county to set aside a deed made by Newman to his wife and four minor children on the ground that the deed was in fraud of the rights of creditors. The bill alleged that Newman was the owner of an undivided one-third interest in 240 acres of land in said county, subject, however, to a life estate therein of his father, Charles Newman; that prior to the rendition of the judgments in favor of the respec-

tive creditors, but after the indebtedness upon which they were based had accrued, Newman made and caused to be recorded the deed in question; that the deed was made by him with the intention on his part of defrauding his creditors out of their just demands; that no consideration was actually paid to him by the grantees or any of them; that he has no personal property or real estate liable to levy and sale on execution except his interest in the premises, and that executions have been issued on the judgments and returned not satisfied. The bill prayed that the deed be set aside and that the land be subjected to levy and sale in satisfaction of the judgments. Service upon the defendants was had by publication and mailing notices but the sufficiency and validity of the service are challenged. Newman and his wife, Edna S. Newman, were defaulted. An answer was filed for the minor children by their guardian *ad litem.* A decree was entered, which recites that the cause was heard upon the testimony of the witnesses sworn and examined in open court and upon documentary proofs. It found that the deed was made for the purpose of hindering and delaying the creditors of Newman and ordered it set aside in so far as the rights of the complainants are involved. The sheriff was directed to levy upon the premises by virtue of executions which may be issued on the judgments. The cause is in this court on writ of error.

The contention of plaintiffs in error is that the attempted service by publication was insufficient to give the court jurisdiction and that the decree entered upon such defective service will deprive plaintiffs in error of their property without due process of law. The statute provides a method for obtaining constructive service in chancery cases. The validity of that statute is not questioned by plaintiffs in error. Their position is that the provisions of the statute were not complied with and that therefore the decree is void. If it be conceded that their position is correct no constitutional question is presented. The Appellate Court has jurisdic-

tion to determine whether or not the statute was complied with, and it likewise has jurisdiction in proceedings brought by a judgment creditor to set aside an alleged fraudulent conveyance. *Biggins* v. *Lambert,* 204 Ill. 142; *Scanlon* v. *Beebe,* 335 id. 400.

The cause will be transferred to the Appellate Court for the Third District.

*Cause transferred.*