(No. 23797.—

ALBERT B. STEINDLER, *vs.* HENRY J. KNIES *et al.*—(HENRY J. KNIES, Appellant, *vs.* ALBERT B. STEINDLER, Appellee.)

*Opinion filed December 16, 1936.*

LAURENCE M. FINE, and ROBERT D. MELICK, for appellant.

FISCHEL, KAHN & HEART, (WALTER W. BAKER, and MARTIN SOLOMON, of counsel,) for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

Henry J. Knies filed in the circuit court of Cook county a petition seeking (1) to vacate on the ground of fraud a decree theretofore entered in a foreclosure proceeding entitled Steindler *vs.* Knies; (2) to enjoin the execution of a deed by a master in chancery at the termination of the period of redemption from sale; (3) to require the specific performance of an agreement between the petitioner and Steindler, the complainant in the foreclosure proceeding; (4) to require the re-opening of the foreclosure proceeding, and that the petitioner be permitted to interpose a defense thereto or to proceed with his remedy under the laws either in the circuit court of Cook county or in the courts of the United States under section 74 of the Bankruptcy act. Steindler filed an answer denying the allegations of the petition. The cause was referred to a master in chancery, who heard evidence and thereafter filed a report finding certain facts, among others, that Knies had not complied with certain agreements made by him with Steindler subsequent to the entry of the foreclosure decree and that he was not entitled to the relief prayed. A decree was entered pursuant to the recommendations of the master. From that decree this appeal was prosecuted.

The property consists of a garage with living quarters used by Knies and his wife, a gasoline service station, auto laundry and a greasing palace. It is located at 10112 South Western avenue, Chicago, and is owned by the petitioner, Knies. In 1928 Steindler had become the owner of a series of notes totaling $30,000, executed by Knies and his wife, due in five years, secured by a trust deed on the property

above described. The issues in this case relate to an alleged agreement attending and subsequent to the filing of foreclosure proceedings with respect to the mortgage mentioned. Among other representations which the petitioner alleges influenced his course of action was the promise that friendly foreclosure proceedings would be instituted, the mortgage would be reduced in amount and permitted to remain on the property, and the petitioner would be permitted to continue in possession and retain the ownership of the premises; that a failure on the part of Steindler and his attorneys to comply with their promises resulted in a fraud upon the petitioner, for which he seeks the relief prayed.

The title to the premises has not been put in issue in this case. One of the petitioner's contentions is that the execution of a master's deed to the premises should be enjoined. Under these circumstances a freehold is not involved, permitting a direct appeal to .this court. While the proceeding here is not one of foreclosure it originates from and grows out of that kind of a suit, and the relief requested is wholly with reference to and in connection with such a proceeding. A freehold necessary to give this court jurisdiction on direct appeal is involved only where the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, or where the title to a freehold estate is so put in issue by the pleadings that the decision of the case necessarily involves such issue. The word "freehold" does not include the mere right to do that which in equity will entitle a party to a freehold. *United Electric Coal Companies* v. *Keefer Coal Co.* 338 Ill. 288; *Duncanson* v. *Lill,* 322 id. 528.

The cause will be transferred to the Appellate Court for the First District.

*Cause transferred.*