(No. 26649.—
M. L. JOSLYN *vs.* CHARLOTTE C. JOSLYN *et al.,* Appellants.
—(M. L. JOSLYN *et al.,* Appellees.)

*Opinion filed May 13, 1942—Rehearing denied Sept. 17, 1942.*

THOMAS HART FISHER, (NORMAN CRAWFORD, of counsel,) for appellant.

HUBBARD, BAKER & RICE, (ALVIN GLEN HUBBARD, of counsel,) for appellee George R. Joslyn; G. B. STURTZ, and ERNEST S. GAIL, for appellee M. L. Joslyn.

Mr. JUSTICE GUNN delivered the opinion of the court:

A complaint in equity was filed by M. L. Joslyn against Charlotte C. Joslyn, George R. Joslyn *et al.* to foreclose a trust deed on certain real estate in Lake county. A separate answer was filed by Charlotte C. Joslyn and George R. Joslyn, and a counterclaim by Charlotte C. Joslyn for herself and as next friend for her four minor children. The cause was referred to a master who made a report recommending the relief prayed for in the complaint be granted, and that in the cross complaint be denied. The report was approved by the circuit judge and from that decree an appeal is brought directly to this court.

Charlotte C. Joslyn and George R. Joslyn are husband and wife. In September, 1937, George R. Joslyn contracted to purchase the residence in which they lived for the sum of $29,000 and paid $4000 in cash upon the purchase price. Later he paid $5000 more upon the contract to purchase. April 12, 1938, after the title to the property had been placed in the name of Charlotte C. Joslyn, a loan of $20,000 secured by a trust deed upon the premises was procured, by which the balance of the purchase price was paid. This debt was evidenced by four notes signed by Charlotte C.

Joslyn and George R. Joslyn, payable to bearer, three for $1500 each due, respectively, April 12, 1940, 1941 and 1942, and one note for $15,500 due April 12, 1943. All notes bore interest at the rate of six per cent, and contained an acceleration clause whereby the entire debt could be declared due for default in the payment of principal or interest. Interest for the first six months was paid, and default made in the payments due thereafter.

The complaint in equity to foreclose was brought by M. L. Joslyn, who produced the notes and made proof of default in payment and non-compliance with the terms of the trust deed to make a *prima facie* case. George R. Joslyn filed an answer admitting the execution of the notes and trust deed and the default. Charlotte C. Joslyn filed an answer in which she admitted she signed and executed the trust deed and notes, but denied M. L. Joslyn was the owner of said notes, and alleged that George R. Joslyn, her husband, was in fact the real owner and that M. L. Joslyn, his father, was holding title thereto in trust for him. She also alleged in the answer that by virtue of a certain agreement she had with her husband George R. Joslyn, in which he agreed to pay the mortgage debt and save her harmless, coupled with the fact that he was, as she claimed, the real owner of the notes and mortgage, the same became null and void.

Charlotte C. Joslyn also filed a counterclaim on behalf of herself and her four minor children, in which it is charged that in June, 1938, she and her husband became separated, and they entered into a separation agreement under and by the terms of which George R. Joslyn agreed she was to have the use of the property in question and that it should be free and clear of all encumbrances, and was to be retained by cross claimant for her life, and for the benefit of her children after her death. The counterclaim prays that the notes and trust deed be declared null and void; that George R. Joslyn be decreed to pay the

mortgage debt; that the plaintiff be enjoined from foreclosing the trust deed, and that court adjudge the rights of the parties in and to the property. Answers were filed to the counterclaim by M. L. Joslyn denying its allegations, and by George R. Joslyn alleging any contract that had been made was repudiated by Charlotte C. Joslyn and was mutually abandoned, and that she had obtained a divorce and was receiving alimony and support money under the decree. After the counterclaim was filed the plaintiff made the minor children parties defendant to the original complaint and a guardian *ad litem* was appointed, who filed an answer on behalf of the minors.

It is apparent this court has no jurisdiction of this appeal. The foreclosure of a mortgage or trust deed does not involve a freehold. (*Johnson* v. *Hefferan,* 365 Ill. 359.) The purpose of the counterclaim was to determine whether there was a contract between George R. Joslyn and Charlotte C. Joslyn, his wife, who by their own admission had signed the notes and executed the trust deed. The title to the real estate from the time it was conveyed to Charlotte C. Joslyn remained in her. There was no legal title at any time in George R. Joslyn. There is no claim there was ever any change in the title between George R. Joslyn and his wife by reason of the contract claimed to exist between them. Should the cross complainant prevail in this case the title to the real estate involved would still be in her name, and the only question we could determine would be the rights of the husband and wife with respect to the liability under the alleged contract.

To justify a direct appeal to this court the freehold must be the primary object of the suit. (*Long* v. *Wilson Stove and Mfg. Co.* 354 Ill. 465.) In order for a freehold to be involved so as to give this court jurisdiction on direct appeal the decree or judgment rendered must be such that one party gains and the other party loses a freehold estate; or the title to the freehold estate must be so put in issue by

the pleadings that the decision of the case necessarily involves such issue. The word "freehold" does not include the mere right to do that which in equity will entitle a party to a freehold. (*Steindler* v. *Knies,* 365 Ill. 59; *United Electric Coal Cos.* v. *Keefer Coal Co.* 338 id. 288; *Davis* v. *Oliver,* 371 id. 287; *Callner* v. *Greenberg,* 372 id. 176.) Under these authorities the complaint did not involve a freehold, and the counterclaim could no more than indirectly affect the freehold. Charlotte C. Joslyn in effect claimed from the application of equitable principles the property would be free of mortgage, leaving in her an unencumbered title instead of an encumbered one. A freehold could only be collaterally or incidentally involved, which is not sufficient to give this court jurisdiction. *Blodgett* v. *Blodgett,* 343 Ill. 569; *Swinson* v. *Sodaman,* 369 id. 442; *Wylie* v. *O'Connor,* 363 id. 615.

Having no jurisdiction of the cause, it is transferred to the Appellate Court for the Second District.

*Cause transferred.*