(No. 33154.—

MARY L. DAVIS *et al.,* Appellants, *vs.* DAISY COHEN, Appellee.

*Opinion filed September 23, 1954.*

GEORGE B. CRAVEN, of Chicago, for appellants.

HARRY H. PORTER, JOHN O. BIRKLAND, and CASSIUS A. SCRANTON, all of Chicago, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

Annie B. Jones died June 30, 1949, seized of a parcel of real estate in the city of Evanston, Illinois, and left surviving her Mary L. Davis, Nettie Blaino, and Daisy Cohen, her sisters, and Norman Webster and Leon W. Webster, her nephews, as her only surviving heirs. Daisy Cohen was appointed administratrix of her estate by the probate court of Cook County on July 12, 1949, and continued to act as such administratrix until January 19, 1953.

On November 7, 1951, Mary L. Davis filed a complaint for partition alleging that Annie B. Jones died intestate seized of certain real estate and left the above-named parties as her only surviving heirs. Daisy Cohen was served with summons in this suit both in her capacity as administratrix and individually and her attorney entered her appearance in the proceeding. On August 22, 1952, a decree was entered finding that the surviving heirs were seized of said real estate as intestate property and ordering partition or sale.

On January 29, 1953, Daisy Cohen, by leave of court, filed her counterclaim in the partition suit alleging that the will of Annie B. Jones was admitted to probate in the probate court of Cook County on January 19, 1953, that under the terms of that will the real estate involved in the partition decree was devised to her, and prayed that the partition decree be vacated and that the suit be dismissed. This counterclaim was dismissed on motion but an amended counterclaim was filed, and on October 9, 1953, a decree was entered vacating the partition decree and dismissing the suit.

504

The plaintiff appeals from that decree to this court on the theory that a freehold is involved. She assigns as errors: (a) counterplaintiff failed to allege or prove any facts that would constitute newly discovered evidence; (b) counterplaintiff failed to allege or prove diligence on her part in producing the will of Annie B. Jones prior to the entry of the decree; (c) the decree vacating the decree of partition and dismissing that suit is contrary to the manifest weight of the evidence.

On this assignment of errors plaintiff's theory that a freehold is directly involved in the appeal so as to give this court jurisdiction cannot be sustained. This assignment of errors, and the briefs before us, present only the question whether the counterplaintiff was diligent in failing to discover and present the will for probate prior to the entry of the decree in the partition suit.

Plaintiff does not question the validity of the will or the order admitting it to probate. She challenges only the propriety of the court in vacating the partition decree and dismissing the suit upon proof of the probate of the will. This is purely a question of procedure and practice and does not directly involve a freehold.

The fact that a freehold may be indirectly, collaterally or incidentally involved in the determination of the question presented by the assignment of errors, or that the ultimate effect of such determination results in the transfer of a freehold from one person to another does not, under the former decisions of this court, confer jurisdiction upon us. (*Fread v. Fread*, 165 Ill. 228.) The assignment of errors must directly present a freehold question. *Horner v. County of Winnebago*, 396 Ill. 382.

The instant case is not distinguishable, in principle, from *Carney v. Quinn*, 358 Ill. 446. There a will devising real estate was admitted to probate by the probate court. Appellant appealed to the circuit court which subsequently entered a default judgment against appellant admitting the

will to probate and dismissing the appeal. Two days later appellant filed a petition to vacate that order and supported his petition by affidavits of due diligence on his part. From a denial of his petition to vacate the default order appellant appealed to this court on the theory that a freehold was involved. In rejecting appellant's theory we there stated: "Even though a freehold may be involved under the provisions of the will, it is not before us in this proceeding. In the briefs the only question raised is as to the propriety of the order of the circuit court in entering a default judgment and refusing to set it aside on the showing of diligence made by appellant. * * * The question raised does not go to the merits but is only a question of practice. When questions of practice, only, are raised, the appeal must be taken to the Appellate Court. [Citations.] If a freehold is involved in the original judgment or decree but not in the point assigned for error, the appeal should be taken to the Appellate Court."

It is our duty to decline to proceed where jurisdiction is lacking. This cause is therefore transferred to the Appellate Court for the First District.

*Cause transferred.*