(No. 33677.—

SYD ROMAIN, Appellee, *vs.* PETER S. LAMBROS *et al.,* Appellants.

*Opinion filed November 23, 1955*

A. J. Refakes, George J. Murges, and Theodore P. Lambros, all of Chicago, for appellants.

Ned Langer, and Sheldon Belofsky, both of Chicago, for appellee.

Mr. Justice Maxwell delivered the opinion of the court:

The defendants-appellants appeal from an order of the superior court of Cook County denying their motion to set aside a default decree entered against them in a strict foreclosure proceeding. The motion alleged the court lacked jurisdiction over their persons.

Appellants contend that this court has jurisdiction on direct appeal because the constitutionality of sections 14 and 29 of the Civil Practice Act is involved (Ill. Rev. Stat. 1953, chap. 110, pars. 138 and 153,) and also that a freehold is directly involved.

The issues presented by appellants' motion were determined by the trial court upon the pleadings and the facts as set forth in the affidavits attached thereto. There is no substantial conflict in the facts.

Peter S. Lambros, who resided at 1440 West Jarvis Avenue, in the city of Chicago, died intestate in that city on April 5, 1947, then the owner of the subject property. The record of his death, showing his place of residence at the above address, and showing he was survived by his wife Ariadne P. Lambros, is on file in the Bureau of Vital Statistics in the office of the county clerk of Cook County, located at 130 North Wells Street, in said city and county. In addition to his wife the deceased was survived by four children, Maria Drangas, S. Peter Lambros, Sofia Bauerle, and Theodore P. Lambros. At the time of the death of deceased, and at the time the complaint herein was filed, Ariadne P. Lambros resided at the residence at 1440 Jarvis Avenue; S. Peter Lambros resided at 5432 West Ferdinand Avenue, in Chicago, and Maria Drangas, Sofia Bauerle, and Theodore P. Lambros resided outside the State of Illinois. No administration has been had on the estate of the deceased.

On October 16, 1952, plaintiff-appellee filed a complaint for strict foreclosure of the trust deeds on the subject property, naming as defendants therein Peter S. Lambros, Ariadne Lambros, his wife, the Chicago Title and Trust Company, and "Unknown Owners." On the same day appellee's attorney filed an affidavit of nonresidence stating: "that Peter S. Lambros and Ariadne P. Lambros, his wife * * * and 'Unknown Owners' defendants on due inquiry cannot be found so that process cannot be served on them or any of them, that upon diligent inquiry their places of residence cannot be ascertained; and affiant further states that the last known places of residence of such defendants is as follows: Peter S. Lambros and Ariadne P. Lambros, 130 North Wells Street, Chicago, Illinois. * * *

Unknown Owners, is and are unknown and further deponent sayeth not." Appellee also filed an affidavit of unknown owners stating, in part: "Affiant further states that Peter S. Lambros and Ariadne P. Lambros, his wife, Emma Kugler and Peter C. Kugler, her husband, Mabel Kugler, and 'Unknown Owners,' if living, are interested or may be interested in this action and have or claim to have some right, title interest or lien in, to or upon the real estate herein or some part thereof in this complaint being foreclosed; that if any of the said named persons are dead, their heirs or devisees are interested in this action or claim some right, title, interest or lien in, to or upon the real estate herein and in this cause; that it is unknown to plaintiff and to plaintiff's attorney if said named defendants be living or dead and that upon due and diligent inquiry it cannot be ascertained whether or not said named defendants are living or dead, and the names of such persons who may be their heirs or devisees are also unknown to plaintiff and to plaintiff's attorney after due and diligent search having been made, and all such persons are therefore made parties defendant to this cause by the name and description of 'Unknown Owners'."

On October 22 the clerk of the court filed his certificate of mailing notices to Peter S. and Ariadne Lambros to 130 North Wells Street. The returned envelopes were filed October 24 bearing a notation that the addressees were not at that address. On October 27 "Directions to Sheriff" were filed directing service on these parties at 130 North Wells Street. The sheriff returned the summons for Peter S. Lambros marked "Deceased" and for Ariadne Lambros marked "Not here." A certificate of publication as to Peter S. Lambros, Ariadne P. Lambros, Unknown Owners, *et al.,* was filed November 1, 1952, and an order of default was entered on November 28, 1952. The cause was then heard on the complaint taken as confessed, the orders of default, and "the sworn testimony of Ned Langer, attor-

ney for an agent of plaintiff, proofs and exhibits offered and received herein," and a decree of strict foreclosure was entered and the master in chancery was ordered to execute and deliver a deed to plaintiff unless redemption was made within 90 days.

This decree was entered February 9, 1953. On May 13, 1953, the master in chancery, pursuant to said decree, conveyed the subject property to appellee, who thereafter conveyed the same to a third party by quitclaim deed. When the latter conveyance was made does not appear in the record but the pleadings and briefs assume that it was prior to the appellants' motion to vacate and set aside the decree and the master's deed, and appellants do not deny appellee's allegation that the third party was a *bona fide* purchaser for value. In appellants' reply brief they state "Whether any third party has acquired a good title may be a subject for other litigation, but it certainly has no materiality in determining whether the court had jurisdiction over the appellants."

It is immediately apparent that the present freehold interest in the subject real estate is not directly involved in this proceeding. We have frequently held that the freehold must be directly involved to warrant a direct appeal (*Davis* v. *Cohen,* 3 Ill. 2d 502,) and this court's decision must necessarily result in the loss or gain of the freehold interest. (*Johnson* v. *Sarver,* 413 Ill. 626.) That cannot be the result of the decision in this case. The title to the real estate involved is admittedly vested in a third party who is not a party to this suit. Obviously that title cannot be taken from him and vested in appellants in this suit.

In their motion in the trial court the appellants "appearing specially and solely for the purpose of this motion, contesting the jurisdiction of the court over them" moved the court to set aside the order of default against them, and to vacate and set aside the decree of foreclosure and

the master's deed to the appellee "on the ground that said defendants have not been served with summons as required by law and that as a result thereof this court had no jurisdiction whatsoever over said defendants or any of them." This motion was based upon an attached affidavit which set out the facts which we have related above pertaining to the place of residence, death and heirship of Peter S. Lambros, the residence of his widow and heirs at the time appellee's foreclosure suit was filed, and described various means by which appellee's attorney, who made the affidavits of nonresidence and unknown owners, could have ascertained the facts. The affidavit then alleges that the affidavits of unknown owners and nonresidence made by appellee's attorney were false; that all the facts could and would have been ascertained by diligent inquiry, and as a result of said false affidavits the court acquired no jurisdiction over defendants by service by publication. The counter-affidavit of appellee's attorney denied that he had not used due diligence to ascertain the identity and residence of the unknown owners. The court heard the motion on the statements in the affidavits and determined from the facts alleged therein that appellee's attorney had used due diligence, that the affidavits therefore were not false, that service by publication based thereon was in accord with the statute and was valid, and that the court had jurisdiction of the persons of defendants as unknown owners. The court denied the motion to set aside the decree and master's deed.

Subsequently, appellants filed a motion and petition for a rehearing in which petition they alleged (a) that plaintiff did not comply with sections 14 and 29 of the Civil Practice Act, (b) that these sections of the statute are unconstitutional and deprive defendants of their property without due process of law *"if said sections are interpreted to permit service by mere publication under the facts of this*

*case"* and (c) the decree of foreclosure deprives defendants of their property without due process of law. This motion and petition for rehearing were denied.

These pleadings failed to present to the trial court, as a primary question, the constitutionality of sections 14 and 29 of the Civil Practice Act and the trial court did not pass on that question. The question presented was simply whether the facts as set forth in the affidavits showed, as a matter of law, that the affidavits as to the unknown parties and for publication were predicated on diligent inquiry as required by the statutes. Alleging that the statutes are unconstitutional if the court finds these facts to constitute due diligence is not a challenge of the constitutionality of the statute. It is merely a contention that the court erred in determining what constitutes due diligence under the statutes.

The primary question presented to the trial court was whether appellee's counsel had complied with the provisions of the statutes which require "due" and "diligent" inquiry. The statutes contemplate that the party seeking the judgment will make an honest attempt to see that the interested parties have notice of the proceedings involving their property rights. It is true, as appellants contend, that counsel's affidavit stated that the last known place of residence of the property owners was 130 North Wells Street, in a building in the loop district of the city of Chicago which counsel well knew was not occupied as a residence building, and that the affidavit stated that upon due and diligent inquiry it could not be determined whether Peter S. Lambros was living or dead, when the sheriff's return on the summons showed he was deceased and the record of his death was duly recorded in the office of the county clerk of Cook County. The court may have erred in finding due and diligent inquiry, as required by the statutes, had been made in this case, but if so, the error lies in the court's judgment on the facts or misinterpretation of the requirements of the

statute. A wrong judgment or misinterpretation of a statute does not render the statute unconstitutional.

There being no basis for this court's jurisdiction on direct appeal this cause is ordered transferred to the Appellate Court for the First District.

*Cause transferred.*