(No. 35669.—

Violet C. Hall, Appellant, *vs.* Belton E. Hall, Appellee.

*Opinion filed September 29, 1960—Rehearing denied Nov. 30, 1960.*

DEFREES, FISKE, O'BRIEN, THOMSON & SIMMONS, of Chicago, (THOMAS J. JOHNSON, JR., EDWARD J. GRIFFIN, and ROBERT M. HORWITCH, of counsel,) for appellant.

HINSHAW, CULBERTSON, MOELMANN & HOBAN, of Chicago, (JAMES G. CULBERTSON, DAVID L. FARGO, and HARRISON L. RICHARDSON, JR., of counsel,) for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

Plaintiff, Violet C. Hall, filed a complaint for divorce in the superior court of Cook County against defendant, Belton E. Hall, wherein she charged desertion, alleged that the parties owned a home as joint tenants, and prayed for dissolution of the marriage, custody of five minor children, support, alimony, attorney fees and the adjustment and adjudication of the property rights of the parties. The chancellor granted a divorce and awarded custody of the minor children to plaintiff, after which the cause was referred to a master to hear and determine the remaining issues. As a result of his findings and recommendations, a decree was entered which, after providing for alimony, support, household furnishings, attorney fees and costs,

ordered the parties to co-operate so that the jointly owned real estate could "be sold as soon as possible at a price reflecting its true value," and directed that the proceeds be divided equally after first being used to discharge specified obligations, the benefits of which were found to have accrued to both parties. Plaintiff has perfected a direct appeal to this court apparently on the theory that a freehold is involved.

The question of our jurisdiction has not been raised by the parties, but the same cannot be conferred upon this court by consent or acquiescence, and it is our duty to decline to proceed in a cause where jurisdiction to determine it is lacking. (*Thompson* v. *Industrial Com.* 377 Ill. 587; *Blodgett* v. *Blodgett,* 343 Ill. 569.) For this court to entertain jurisdiction of a direct appeal on the ground that a freehold is involved, the freehold must be directly, not collaterally, contingently or incidentally involved, (*McCarthy* v. *McCarthy,* 6 Ill.2d 52; *Jones* v. *Hodges,* 1 Ill.2d 415,) and must also be involved in the question to be determined on appeal. (*Lakin* v. *Wood,* 406 Ill. 596; *Wylie* v. *O'Connor,* 363 Ill. 615.) Again, it has been stated upon innumerable occasions that a freehold is involved, within the meaning of the statute from which our jurisdiction stems, only in cases where the necessary result of the judgment or decree is that one party gains and the other loses a freehold, or where title is so put in issue by the pleadings that a decision in the case necessarily involves a decision on such issue. *Romain* v. *Lambros,* 7 Ill.2d 206; *Becker* v. *Fink,* 273 Ill. 560; *Chicago, Burlington and Quincy Railroad Co.* v. *Watson,* 105 Ill. 217.

When the record in the instant case is appraised in light of the foregoing authorities it is apparent that a freehold is not involved so as to give us jurisdiction of this appeal. Title to the jointly owned real property in question is not in dispute, nor does a decision on the issues raised necessarily involve a determination of title, and a title has been

neither gained nor lost by either party as a result of the decree from which the appeal has been taken. In the latter respect, the case is distinguishable from *Stevens* v. *Stevens*, 14 Ill.2d 99, wherein the decree of the trial court deprived a wife of separately owned property in which a divorced husband claimed neither title nor equity. In this case the plaintiff admits that she is liable for some, at least, of the debts for which the property was ordered sold. The only issue having any relation to the real property is the extent to which the parties are entitled to share in the proceeds of its sale. A determination of this issue does not rest upon an adjudication of title, or upon the resolution of a dispute as to title, but solely upon the complementary question of whether the chancellor was correct in his finding that certain debts incurred by defendant inured to the benefit of both parties and thus, in equity, were chargeable against the interests of both in the proceeds of sale. Should plaintiff prevail in her contentions, title to the real estate would remain exactly the same, and the only question we would have determined would be the rights of the parties in the proceeds of sale. A freehold could only be collaterally or incidentally involved, which is not sufficient to give this court jurisdiction. Cf. *Joslyn* v. *Joslyn,* 380 Ill. 181; *Blodgett* v. *Blodgett,* 343 Ill. 569.

This cause is transferred to the Appellate Court for the First District. *Cause transferred.*