(No. 38190.—

IN THE MATTER OF THE ESTATE OF MARY DEVEREUX.— (FRANK H. KIRK, EXR., Appellant, *vs.* BERNARD D. URIST, Conservator, *et al.*, Appellees.)

*Opinion filed September 29, 1964.*

FRANK H. KIRK, RICHARD D. PRICE, and FREDERICK J. BERTRAM, all of Chicago, for appellant.

OWEN RALL, PETER M. SFIKAS, JOHN J. ENRIGHT, and ISADORE J. STEIN, all of Chicago, (PETERSON, LOWRY, RALL, BARBER & ROSS, of counsel,) for appellee Bernard D. Urist.

A. EDMUND PETERSON, DANIEL S. WENTWORTH and JOHN H. MEYER, all of Chicago, for appellee Berry Homes.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is a direct appeal from an order of the probate court of Cook County approving a report of the sale of real property in the matter of the estate of Mary Devereux, who had been adjudged an incompetent some months earlier. As grounds for our jurisdiction to entertain the direct appeal it is asserted that a freehold is involved, and that "the rights of Mary Devereux under the due process clauses of the State and Federal Constitutions are involved." However, with the advent of the recent amendments to the judicial article of our constitution, (Const. of Ill. art. VI,) and the complementary Rule 28—1 of this court (28 Ill.2d XXVIII,) both of which took effect January 1, 1964, it is clear that the involvement of a freehold is no longer sufficient to support our jurisdiction, thus leaving the matter of our authority to entertain the appeal to depend upon whether the case involves "a question arising under the Constitution of the United States or of this State," as our amended constitution now provides. Art. VI, sec. 5.

It is the contention of the appellant that the alleged incompetent was not properly served with process on the occasion of the filing of the petition to adjudge her so, that the probate court therefore did not acquire jurisdiction of her person, and that as a result the order approving the sale of her property was void and deprived her of her property without due process of law. For their part, the appellees claim, as the probate court apparently found, that process was served in compliance with the appropriate statute, or, alternatively, that process was waived by a general appearance in the case. As may be seen, the validity of the statute under which the process issued is not challenged, the main issue for determination is whether the statute was complied

with, and under these circumstances a direct appeal is not justified. Cf. *Illinois Valley Bank* v. *Newman,* 354 Ill. 38.

For the reason stated, the cause is transferred to the Appellate Court, First District.

*Cause transferred.*