(No. 38350.—)

THE CITY OF CHICAGO, Appellee, *vs.* COREAN LOGAN, Appellant.

*Opinion filed September 29, 1964.*

KEITH & ZISOOK, of Chicago, (SEYMOUR KEITH, SHELDON P. ZISOOK, and GERALD M. CHAPMAN, of counsel,) for appellant.

JOHN C. MELANIPHY, Corporation Counsel, of Chicago, (SYDNEY R. DREBIN and ROBERT J. COLLINS, Assistants Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

On October 15, 1962 the city of Chicago filed its complaint in this case under section 23—70.2 of the Revised Cities and Villages Act. (Ill. Rev. Stat. 1961, chap. 24, par. 23—70.2.) It alleged that the defendant, Corean Logan, was the owner of the property located at 904 South Paulina Avenue in the city of Chicago; that the buildings on that property were deteriorated in excess of 50% of their value, were dangerous and unsafe, and should be declared a public nuisance. The complaint sought the entry of an order, pursuant to the statute, authorizing the city to demolish the buildings and to charge the cost of demolition against the land. Summons was issued and returned "not found", and service was had by publication, directed to Corean Logan and unknown owners of the property. The court heard evidence and entered a decree granting the relief requested, on February 5, 1963, *nunc pro tunc* as of January 31, 1963. The buildings were thereafter demolished.

On October 25, 1963, the defendant filed a petition asking that the decree be vacated. The petition alleged that she lived in Los Angeles, California, a fact which the plaintiff could have discovered by the exercise of due diligence, that she had received no notice of the proceeding, and had only learned of the destruction of the buildings within the preceding 30 days, while on a visit to Chicago. It also alleged that the buildings had been damaged by fire but that the portion of the buildings destroyed by fire had been boarded up, so that the buildings were not dangerous or unsafe. Attached to the petition were two notices from the department of buildings of the city of Chicago relating to the defective condition of two other buildings in the city

of Chicago. One of these notices was dated March 22, 1963, and was addressed to Corean Logan at her address in Los Angeles; the other was dated January 3, 1963, and was addressed to David and Corean Logan at the Los Angeles address.

The petition to vacate the decree was denied, and the defendant has appealed directly to this court upon the ground that the case involves a question arising under the constitution of the United States or of this State, (Const. art. VI). In our opinion this court does not have jurisdiction on direct appeal, and the case must be transferred to the Appellate Court.

The defendant's claim is that the plaintiff did not make diligent inquiry as to her place of residence prior to publication, and that the circuit court was therefore without jurisdiction. She asserts that because the city "was not protected by a valid court decree, the City's action in demolishing the premises and in declaring them to be a nuisance was arbitrary governmental action which deprived the defendant of her rights to notice and a hearing before her property was destroyed, contrary to the fourteenth Amendment to the Constitution of the United States and Article II, Section 2 of the Illinois Constitution of 1870."

Despite the defendant's sweeping claim of constitutional right, it is apparent that the question to be determined is whether or not the facts alleged in her petition to vacate, if taken as true, were sufficient to establish that the city had failed to make diligent inquiry to ascertain her place of residence, as required by section 14 of the Civil Practice Act, which authorizes service by publication. Ill. Rev. Stat. 1961, chap. 110, par. 14.

Such a question will not sustain the jurisdiction of this court upon a direct appeal. What was said in *Illinois Valley Bank* v. *Newman,* 354 Ill. 38, 39, is controlling here: "The contention of plaintiffs in error is that the attempted service by publication was insufficient to give the court jurisdiction

and that the decree entered upon such defective service will deprive plaintiffs in error of their property without due process of law. The statute provides a method for obtaining constructive service in chancery cases. The validity of that statute is not questioned by plaintiffs in error. Their position is that the provisions of the statute were not complied with and that therefore the decree is void. If it be conceded that their position is correct no constitutional question is presented. The Appellate Court has jurisdiction to determine whether or not the statute was complied with, * * *." See also, *Romain* v. *Lambros,* 7 Ill.2d 206, 212.

The cause is transferred to the Appellate Court, First District.

*Cause transferred.*