**City of Chicago, a Municipal Corporation, Plaintiff-Appellee, v. Corean Logan, Defendant-Appellant.**

Gen. No. 50,059.

First District, Second Division.

March 19, 1965.

 ██

Keith & Zisook, of Chicago (Seymour Keith, Sheldon
P. Zisook, and Gerald M. Chapman, of counsel), for
appellant.

John C. Melaniphy, Corporation Counsel, of Chicago
(Sydney R. Drebin and Robert J. Collins, Assistant
Corporation Counsel, of counsel), for appellee.

MR. PRESIDING JUSTICE BURKE delivered the
opinion of the court.

This is an appeal from orders denying defendant's
petition to vacate a decree authorizing plaintiff to
destroy two buildings on defendant's property. The
appeal was taken directly to the Illinois Supreme
Court, on the ground that a constitutional question
was involved, but was transferred to this court for
want of a constitutional question. City of Chicago v.
Logan, 31 Ill2d 281, 201 NE2d 428.

Defendant owns real property in Chicago, commonly
known as 904 South Paulina Street and legally de-
scribed as:

Lot 3 (except the West 26.5 feet) in Goodman's Subdivision of Block 12 in Assrs Divn of the East ½ of the South East ¼ of Section 18, Township 39 North, Range 14, East of Third Principal Meridian in Cook County, Illinois.

The property was improved with two buildings, both of which were damaged by fire prior to the commencement of this action. On October 15, 1962, the city filed its complaint, pursuant to Section 23–70.2 of the Revised Cities and Villages Act (Ill Rev Stats 1961, c 24, par 23–70.2), seeking the demolition of the buildings for the reason that they had deteriorated in excess of 50% and constituted a public nuisance. An attempt was made to serve defendant with summons at the Paulina Street address, but the summons was returned "not found" on November 23, 1962, and bore the notation that the buildings were vacant. On December 10, 17 and 24, the city published as to defendant and as to "unknown owners."

The affidavit for publication, required by Section 14 of the Civil Practice Act (Ill Rev Stats 1961, c 110, par 14), reads as follows:

"Stephen Rubin being duly sworn deposes and says that Corean Logan and Unknown Owners defendants on due inquiry cannot be found, so that process cannot be served upon said defendants that upon diligent inquiry their place of residence cannot be ascertained; and affiant further states that the last known place of residence of such defendants is Corean Logan, 904 S. Paulina Street, Chicago, Unknown Owners-Unknown, and further deponent sayeth not."

On December 18th notice of publication was mailed to defendant at the Paulina Street address, but was

returned undelivered. On January 31, 1963, the city moved for a hearing on the complaint, sending notice of the motion to defendant again at the Paulina Street address. The default decree here sought to be vacated was entered on February 5, 1963, pursuant to which the city caused the destruction of the buildings.

During this entire period defendant resided at 1427 South Mansfield Avenue, Los Angeles, California. On October 25, 1963, she filed her petition to vacate the demolition decree, wherein she alleged that it was within the past thirty days, while on a visit to Chicago, that she discovered her property had been destroyed; that the city knew or should have known that she was a nonresident and could not have resided at the Paulina Street address where service was attempted and the notices sent; that with due diligence and inquiry the city could have determined that she resided at the Los Angeles address; and that if given an opportunity to plead she has a good and meritorious defense (setting out the defense). The petition also alleged that she was deprived of her property without due process of law. Attached to the petition as exhibits were two notices of building code violations relating to other property in Chicago owned by defendant, which notices were sent by the Department of Buildings to defendant at her Los Angeles address on January 3 and March 22, 1963. The petition was denied, from which denial defendant appeals.

Defendant proceeds on the theory that the decree of demolition is void for the reason that the affidavit for publication is defective. She maintains, in the alternative, either the city is chargeable with actual knowledge of her Los Angeles address, or, it failed to make diligent inquiry, under the circumstances, prior to publication. These contentions are supported first by the two building code violation notices involving other of defendant's Chicago properties which were mailed

to her Los Angeles address about the same time that the demolition decree was entered, and secondly by an alleged inference from the record that no inquiry was made as to her actual residence from the fact that the city made several inspections of the fire-damaged premises and consequently knew that she was not residing there. Taken together or alone, neither of these points constitute a sufficient basis for holding the affidavit defective and the demolition decree void.

■ No suggestion is made in defendant's petition in support of the blanket assertion that "with due diligence and inquiry the City of Chicago could have determined that she was a resident of Los Angeles. . . ." Defendant maintains in her brief that the inference from the record is that no inquiry was made as to her residence, basing this conclusion on the fact that the city knew that she did not reside at the Paulina Street address because several inspections were made regarding the condition of the premises. Such a conclusion, however, does not follow. Merely because the city knew that defendant did not reside at the Paulina Street address in no way reflects upon the nature of the inquiry which was made to locate her.

■ Nor is any suggestion made in defendant's petition in support of the blanket assertion that "the City of Chicago knew or should have known that she was a nonresident and therefore could not have resided at (the Paulina Street) address . . . ," other than the two notices sent to her by the city to her Los Angeles address in connection with building code violations involving other of her Chicago properties. Diligent inquiry to ascertain the residence of a defendant required by Section 14 of the Civil Practice Act is governed by the circumstances of each case. See Callner v. Greenberg, 376 Ill 212, 33 NE2d 437. The purpose of Section 23–70.2 of the Revised Cities and Villages Act is the immediate abatement of public

nuisances which may prove detrimental to public health, safety and welfare. City of Chicago v. James E. Mulligan Enterprises, Inc., 27 Ill App2d 481, 170 NE2d 13. In a city the size of Chicago, containing as it does thousands of buildings, to require the city to search its files of building owners in an effort to ascertain whether they own other buildings in the city and, if so, to ascertain the residence addresses of the owners, would impose much too great a burden under the circumstances. In support of her position that the city should have searched its files of building owners, defendant relies on Hartung v. Hartung, 8 Ill App 156. A reading of the Hartung case, however, reveals that the affiant had been informed that defendant was in Hot Springs, Arkansas, and so stated in the affidavit; the court held the affidavit defective because nothing further was stated therein to indicate whether affiant had made inquiry in that location. The circumstances of the Hartung case are inapposite to those involved here. Further, defendant neither alleges in her brief nor in her petition, that the city failed to send notice to "the person or persons in whose name such real estate was last assessed" as provided by Section 23–70.2 in the event the city, after diligent search, is unable to ascertain the identity or whereabouts of the property owner.

The cases cited by defendant in support of her position are distinguishable on their facts from the case at bar. Illinois Valley Bank v. Newman, 351 Ill 380, 184 NE 636; Tobin v. Brooks, 113 Ill App 79; Spalding v. Fahrney, 108 Ill App 602; Correll v. Greider, 245 Ill 378, 92 NE 266; Hartung v. Hartung, 8 Ill App 156; Connely v. Rue, 148 Ill 207, 35 NE 824; Myers v. Purdy, 108 Okla 147, 234 P 638; and Morse v. Pickler, 28 SD 612, all involved questions dealing with the wording of the affidavit as differing from that used in the statute; the length of time between the

date the affidavit was sworn to and the date publication could be made; or, in those instances where affiant chose to set out facts showing diligent inquiry, the extent to which the facts set out actually showed diligent inquiry. No such questions are involved here. Graham v. O'Connor, 350 Ill 36, 182 NE 764; Callner v. Greenberg, 376 Ill 212, 33 NE2d 437; and Romain v. Lambros, 12 Ill App2d 64, 138 NE2d 704, were situations where the party requesting the vacation of the decree set out facts in the petition or by affidavits which appropriately challenged the statement of "diligent inquiry" in the affidavit for publication. As pointed out above, defendant herein has made no such appropriate challenge upon the statement of "diligent inquiry" in the city's affidavit for publication.

Those cases cited by defendant in support of her position that a prior adjudication that a particular condition is a nuisance must be afforded before that condition can be abated, need not be commented upon. This position presupposes that the affidavit was defective. Other cases cited therewith involve a challenge of the validity of the particular ordinance, which is not in issue in the case at bar.

The orders are affirmed.

Orders affirmed.

BRYANT and LYONS, JJ., concur.